(No. 30967.—

Cory Corporation, Appellant, *vs.* Albert Fitzgerald *et al.*—(Pat Amato *et al.,* Appellees.)

*Opinion filed May 19, 1949.*

410

PRITZKER, PRITZKER & CLINTON, (STANFORD CLINTON, and ROBERT A. SPRECHER, of counsel,) all of Chicago, for appellant.

MEYERS, MEYERS & ROTHSTEIN, (DAVID B. ROTHSTEIN, and EDMUND HATFIELD, of counsel,) all of Chicago, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

This is an appeal by the Cory Corporation, from a judgment of the Appellate Court for the First District reversing an order of the superior court of Cook County adjudging Pat Amato, Lee Lundgren, Irving Krane and others guilty of contempt of court for violating an injunction against mass picketing, and remanding the cause to the superior court, with directions to transfer the cause to another judge of the superior court in accordance with a petition for a change of venue filed by the respondents at the commencement of the hearing in the contempt proceeding. *Cory Corp.* v. *Fitzgerald,* 335 Ill. App. 579.

On November 3, 1947, a strike being in progress at its plant in Chicago, the plaintiff, the Cory Corporation, brought an action in the superior court for an injunction against the defendants, the United Electrical, Radio and

Machine Workers of America, its affiliate, Local 1150, the collective bargaining agent for plaintiff's striking employees, two officers of the national union and five officers of the local union, including Amato, Lundgren and Krane. Because both unions were unincorporated labor organizations, all individual defendants were sued as individuals and as representing the entire membership of their unions. Plaintiff sought a temporary injunction restraining defendants from mass picketing, violence and threats of violence, the injunction to be made permanent upon a final hearing.

On the same day the complaint was filed, plaintiff purported to serve all defendants with notice of a hearing on its motion for a temporary injunction by leaving three copies of the motion and the complaint at the office of Local 1150. The motion was set for two o'clock in the afternoon before Hon. Robert E. Crowe, one of the judges of the superior court. At this time, none of the defendants had been served with summons, and it further appears that neither of the defendant unions nor the two defendant officers of the national union were so served prior to December 17, 1947. When the case was called on November 3, a petition for change of venue, based on the alleged prejudice of Judge Crowe and bearing the signatures of the five defendant officers of the local union, was presented. The motion for change of venue was denied on the ground that it was not signed by three fourths of the defendants, as required by statute. (Ill. Rev. Stat. 1947, chap. 146, par. 9.) After granting leave to defendants to file an amended petition on November 5, the court heard plaintiff's motion and granted a temporary injunction, without bond.

On November 5, the five officers of the local union renewed their original application for a change of venue and their motion was formally denied, as of November 3. At the same hearing, plaintiff filed a petition alleging that defendants had violated the temporary injunction and thus began the first of four citations for contempt, of which

only the last is pertinent here. On November 5, and again on November 6, defendants applied for a change of venue in the first citation for contempt, but both of their petitions were denied. After two hearings in the contempt case, the matter was continued to November 20. In the meantime, the temporary injunction was twice modified, one amendment reducing from ten to four the number of pickets allowed at plaintiff's plant, and the second and third contempt proceedings were commenced and also continued to November 20.

On November 20, all matters were continued to the following day. On Friday, November 21, plaintiff filed a petition for a fourth citation for contempt. The petition alleged that several hours earlier, on the morning of the same day, there were approximately eleven hundred pickets at plaintiff's plant and that a riot ensued in which many persons were injured and one hundred and eighty were arrested. As a consequence, a rule was entered on the two unions, the five defendant officers of the local union and twenty other individuals to show cause why they should not be held in contempt of court. The hearing in the contempt proceeding was set for 9:00 A.M. on Monday, November 24. Court convened promptly and, the attorney for defendants not being present, Judge Crowe ordered the hearing to begin without him. After the first witness had been on the stand for several minutes, counsel arrived in court, served plaintiff with a notice and made a motion for a change of venue in the contempt proceeding based on the alleged prejudice of the trial judge, as evidenced by several remarks made from the bench on November 21. The petition in support of the motion was signed by fifteen of the individual respondents named in the fourth citation for contempt, counsel remarking that, as far as he could discover, these persons were the only respondents upon whom the rule had been served. The motion for change of venue was denied and no reason was assigned for the ruling.

The hearing on the fourth citation for contempt was concluded on the following day, November 25, and the trial judge found both unions and fifteen individual respondents guilty of contempt. Amato, Lundgren and Krane were sentenced to ninety days in the county jail. The two unions and the remaining twelve respondents were merely reprimanded and admonished not to commit any further violations of the temporary injunction.

Although the hearings on the three previous contempt citations were never finished, the foregoing litigation was sufficient to give rise to two separate and distinct appeals to the Appellate Court. On November 24, the five defendant officers of the local union prosecuted an appeal from the order of November 3 granting a temporary injunction and, on November 28, Amato, Lundgren and Krane, hereafter referred to as the defendants, took an appeal from the final order of conviction in the fourth contempt proceeding. Subsequently, the two appeals were consolidated, but only for purposes of oral argument and opinion. In connection with the first appeal, the Appellate Court held that the petition for a change of venue in the action for an injunction was signed by three fourths of the defendants, as properly computed, and reversed the order granting the temporary injunction and remanded the cause for reassignment to any judge of the superior court not named in the petition for change of venue. As to the contempt proceeding, the Appellate Court held that the statutory provisions relative to change of venue extend to the contempt proceedings, that the short delay in filing the petition did not constitute a waiver of the right and that, therefore, the trial court erred in denying respondents' petition to remove the contempt proceeding to some other judge of the superior court. As related, the Appellate Court reversed the order adjudging Amato, Lundgren and Krane guilty of contempt and remanded the cause, with directions that it be reassigned. In short, there were two separate appeals involving two dis-

tinct proceedings and in each appeal the decision turned on the question whether the trial judge erred in denying a petition for change of venue. Of the two judgments of the Appellate Court, only the second, involving the conviction for contempt, is before us upon the present appeal. The judgment of the Appellate Court reversing the interlocutory order of the superior court granting the temporary injunction is not an appealable order. Ill. Rev. Stat. 1947, chap. 110, par. 202.

Defendants' motion to dismiss the present appeal has been taken with the case and requires initial consideration. Although two grounds for dismissal are advanced, the substance of defendants' contention is that the judgment of the Appellate Court is not a final judgment and, hence, not appealable. Defendants base their argument on the fact that the Appellate Court, in addition to reversing the order of conviction of contempt, remanded the cause to the superior court for the specific purpose of reassignment and, by implication, for further proceedings not inconsistent with its opinion.

In general, to be final and appealable, a judgment of the Appellate Court must terminate the litigation on the merits of the cause and determine the rights of the parties. (*Cowen* v. *Harding Hotel Co.* 396 Ill. 477; *Kavanaugh* v. *Washburn,* 387 Ill. 204; *Almon* v. *American Carloading Corp.* 380 Ill. 524; *Smith* v. *Bunge,* 358 Ill. 229.) Where, however, the Appellate Court remands a cause for further proceedings, it does not necessarily mean that the judgment is not a final one. If, upon remandment, the trial court has only to enter a judgment or decree in accordance with the directions of the reviewing court, or to conduct further proceedings on uncontroverted incidental matters, then, irrespective of the remanding clause in the judgment order, the judgment of the Appellate Court is final and reviewable. (*Morris* v. *Beatty,* 390 Ill. 568; *Smith* v. *Bunge,* 358 Ill. 229.) On the other hand, where a cause is remanded for a

new trial or other further proceedings involving disputed questions of law or fact, the judgment of the Appellate Court is not of a final character. (*Almon* v. *American Carloading Corp.* 380 Ill. 524; *Kinney* v. *Lindgren,* 373 Ill. 415.) The ultimate question to be decided in each case is whether the judgment fully and finally disposes of the rights of the parties to the cause so that no material controverted issue remains to be determined.

The wording of the judgment order in the case at bar is a clear indication that the judgment of the Appellate Court is not final. After reversing the order adjudging defendants guilty of contempt of court, the only possible purpose to be served by a remandment to the trial court and a transfer of the cause to another judge, in accordance with the petition for change of venue, is a second complete hearing in the fourth citation for contempt. Both plaintiff and defendants misconstrue the judgment of the Appellate Court. One ground urged by defendants for the reversal of the order of conviction in the Appellate Court was that the order granting the temporary injunction was not merely reversible but was void from its inception. Defendants asserted that the trial judge lost jurisdiction of the cause following his erroneous denial of the petition for change of venue in the action for an injunction and, therefore, they were under no obligation to obey°the injunction and could not legally be adjudged in contempt of court for disobeying it. A violation of a void order is an absolute bar to a conviction for contempt of court. (*Fireman* v. *Smith,* 341 Ill. 154; *Armour Grain Co.* v. *Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Co.* 320 Ill. 156.) Upon the erroneous refusal to allow a petition for change of venue, the chancellor does not lose jurisdiction of the cause and an injunction subsequently entered must be obeyed, even though reversible, and disobedience of its provisions will support a conviction of contempt of court. *People ex rel. Emmerson* v. *Lee,* 311 Ill. 552.

416

Defendants insist, however, that "the temporary injunction entered in favor of appellant [plaintiff] on November 3, 1947, has been conclusively determined to have been a nullity *ab initio.*" If the quoted statement is true, the judgment of the Appellate Court is a final and appealable order. The Appellate Court made no such decision. In its opinion, the Appellate Court specifically states that, although numerous errors were assigned as grounds for reversal of the order of commitment for contempt, it deemed necessary a consideration of but one, namely, whether or not the trial court erroneously denied the petition for change of venue in the contempt proceeding. It is true that the issue of whether the trial court had jurisdiction to enter the temporary injunction is discussed. The Appellate Court pointed out that the present case is distinguishable from the *Lee case,* since there was also an erroneous denial of a petition for change of venue in the contempt proceeding itself, and held that this error necessitated a reversal of the conviction for contempt and a remandment of the cause for reassignment to any judge of the superior court not named in the petition for change of venue. Had the Appellate Court held that the trial court was without jurisdiction of the cause and that the temporary injunction was void, the order adjudging defendants guilty of contempt would have been reversed without remanding the cause for further proceedings. The Appellate Court did not decide whether the temporary injunction was void and this important controverted issue remains to be determined in further proceedings in the trial court. Since the judgment of the Appellate Court is limited to a decision that defendants were entitled to a change of venue, it is not a final and appealable judgment, and the motion of defendants to dismiss the appeal must be allowed.

The petition for leave to appeal was improvidently granted, and the appeal is dismissed.

*Appeal dismissed.*