(No. 57153.—

WALTER D. WILKEY *et al.*, Appellees, v. THE ILLINOIS RACING BOARD, Appellant.

*Opinion filed May 18, 1983.*

Tyrone C. Fahner and Neil F. Hartigan, Attorneys General, of Springfield (Kathleen M. Lien, Assistant Attorney General, of Chicago, of counsel) for appellant.

Edward J. Egan, of Chicago, for appellees.

JUSTICE UNDERWOOD delivered the opinion of the court:

Various sanctions were imposed by the Illinois Racing Board upon plaintiffs, Walter Wilkey, who is a licensed veterinarian, Terry Gabriel, Dennis Neylon and Jake Morreale, who are licensed as owners-trainers of racehorses, and John Van, Jr., in connection with the alleged drugging of four horses scheduled to race at Arlington Park. Plaintiffs sought administrative review in the circuit court of Cook County, and that court reversed the Board's orders and remanded each of the causes for a hearing *de novo*. The Board filed notices of appeal, and the causes, which resulted from a single investigation, were consolidated by the appellate court. On plaintiffs' motion, the appeal was dismissed, presumably because of the absence of a final, appealable order. We granted the Board's petition for leave to appeal.

As indicated in the circuit court's recitation of the facts, the Racing Board commenced an investigation into the suspicious circumstances surrounding the inability of four scheduled entrants to participate in a 1978 Labor Day horse race at the Arlington Park Racetrack. Board members Angelo Ciambrone and Ray Garrison were appointed to conduct the investigation; they were assisted by attorneys from the law firm of Friedman & Koven, which was hired as special counsel. As a result of the investigation, the Board entered orders against plaintiffs

and others, directing them to show cause as to why sanctions should not be imposed in connection with charges that they had conspired to affect the outcome of the race in question.

Prior to the Board's adjudicatory hearing on March 6, 1980, plaintiffs moved that the investigating Board members recuse themselves in the hearings. Mr. Garrison did so, but Mr. Ciambrone participated in the hearing. Plaintiffs were found not guilty of conspiracy, but Dr. Wilkey was found guilty of giving false information to the Board, and in addition to a $5,000 fine, his license to practice veterinary medicine at Illinois racetracks was suspended for six months. Jake Morreale's owner-trainer license was concurrently suspended for 10 years and 90 days for providing false information to the Board and failing to guard one of the horses involved. Terry Gabriel and Dennis Neylon were found guilty of failing to adequately guard their horses, and their owner-trainer licenses were suspended for 90 days. The Board also imposed a $5,000 fine upon Gabriel. After finding that he had provided false information during the investigation, the Board permanently barred John Van, Jr., from obtaining an owner or trainer's license, or attending an Illinois racetrack.

Plaintiffs filed complaints for administrative review, and the circuit court, citing our appellate court's decision in *Kraut v. Rachford* (1977), 51 Ill. App. 3d 206, held that Mr. Ciambrone's participation in the adjudicatory phase of the proceedings violated plaintiffs' due process rights. After ordering the causes reversed and remanded for a *de novo* hearing before the Board, the circuit court denied the Board's motion to finalize the court's judgment by striking the remanding clause. As earlier noted, the appellate court subsequently dismissed the Board's appeal.

Because of its jurisdictional significance, we consider

first the issue of the appealability of the circuit court's judgment. Under section 13 of the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 276) "[a] final decision, order or judgment of the Circuit Court, entered in an action to review a decision of an administrative agency, is reviewable by appeal as in other civil cases." Our 1970 constitution guarantees litigants the right to appeal a circuit court's final judgment to the appellate court located in the same judicial district, but appeals from nonfinal judgments are governed by rules promulgated by this court. Ill. Const. 1970, art. VI, sec. 6.

The Board first argues that the circuit court's order was substantively final and thus appealable. We agree that the finality of an order is not necessarily determined by its form and that ordering a remandment does not invariably render a judgment nonfinal. As this court has previously noted, "[i]f, upon remandment, the trial court has only to enter a judgment or decree in accordance with the directions of the reviewing court, or to conduct further proceedings on uncontroverted incidental matters, then, irrespective of the remanding clause in the judgment order, the judgment of the Appellate Court is final and reviewable." (*Cory Corp. v. Fitzgerald* (1949), 403 Ill. 409, 414.) In *Cory Corp.*, however, this court carefully qualified that rule with an additional statement:

> "On the other hand, where a cause is remanded for a new trial or other further proceedings involving disputed questions of law or fact, the judgment of the Appellate Court is not of a final character. [Citations.] The ultimate question to be decided in each case is whether the judgment fully and finally disposes of the rights of the parties to the cause so that no material controverted issue remains to be determined." (403 Ill. 409, 414-15.)

(See also *People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 171; *Relph v. Board of Education* (1981), 84 Ill. 2d

436, 441; *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 416-17, *cert. denied* (1970), 400 U.S. 941, 27 L. Ed. 2d 244, 91 S. Ct. 232, *rehearing denied* (1971), 400 U.S. 1025, 27 L. Ed. 2d 637, 91 S. Ct. 579; *South Chicago Community Hospital v. Industrial Com.* (1969), 44 Ill. 2d 119, 121-22; *Larson v. Larson* (1960), 19 Ill. 2d 200, 204; *Village of Niles v. Szczesny* (1958), 13 Ill. 2d 45, 48.) This court adheres to the same definition of finality in the context of administrative review. See *Ahlers v. Sears, Roebuck Co.* (1978), 73 Ill. 2d 259, 266; *J. M. Jones Co. v. Industrial Com.* (1978), 71 Ill. 2d 368, 370; *Stockton v. Industrial Com.* (1977), 69 Ill. 2d 120, 124-25; *South Chicago Community Hospital v. Industrial Com.* (1969), 44 Ill. 2d 119, 121-22; *Downey v. Industrial Com.* (1969), 44 Ill. 2d 28, 29.

We cannot agree with respondent that the sole effect of the circuit court's order would be a repetitious hearing which differs from the first only in that one formerly participating Board member would be absent. Section 12 of the Administrative Review Act empowers the circuit court to reverse and remand the entire cause in order to allow further proceedings on all of the questions, as was done here. (Ill. Rev. Stat. 1979, ch. 110, par. 275(f).) Because the order remanded the cause for a new hearing and we cannot assume that the result will be identical, it is obvious that the rights of the parties have yet to be fully and finally adjudicated.

The Board also urges us to characterize the circuit court's order as appealable on the basis of the policy underlying a former statute which provided a means to appeal from an order granting a new trial. (See Ill. Rev. Stat. 1963, ch. 110, par. 75(2)(c).) Section 75 of the Civil Practice Act provided that a party whose judgment was reversed and remanded for a new trial could, by filing a motion accompanied by an affidavit waiving a new trial and asserting that he would be unable to adduce any additional evidence at a new trial, compel the appellate court to

finalize its judgment by striking the remandment portion of the order. (Ill. Rev. Stat. 1963, ch. 110, par. 75(2)(c). See *Bowman v. Illinois Central R.R. Co.* (1957), 11 Ill. 2d 186, *cert. denied* (1957), 355 U.S. 837, 2 L. Ed. 2d 49, 78 S. Ct. 63.) In our opinion, the circuit court properly denied the Board's motion to finalize the court's judgment. Section 75 of the Civil Practice Act was repealed in 1965, and appellate jurisdiction has since been governed by the constitution and our implementing rules. (See Ill. Ann. Stat., ch. 110, par. 75 (Smith-Hurd 1968); Ill. Const. 1970, art. VI, secs. 4, 6.) It was this court's considered judgment that appeals from a circuit court's order granting a new trial were generally to be allowed only in the discretion of the appellate court upon a petition for leave to appeal. (73 Ill. 2d R. 306.) We are not persuaded that the rule should be otherwise in the context of administrative review. The Board apparently elected not to file such a petition. We note, too, that this cause does not fall within the parameters of the other limited circumstances in which our rules provide for an interlocutory appeal in civil cases. See 73 Ill. 2d Rules 304, 307, 308.

Because the circuit court's order was nonfinal, it follows that the appellate court properly dismissed the Board's appeal. The Board's petition for leave to appeal having been improvidently granted, the appeal is hereby dismissed.

*Appeal dismissed.*

WARD and SIMON, JJ., took no part in the consideration or decision of this case.