THOMAS DOYLE *et al.,* Plaintiffs-Appellees, v. THE CITY OF CRYSTAL LAKE *et al.,* Defendants-Appellants.

Second District   No. 2—88—0701

Opinion filed May 19, 1989.

John L. Cowlin and Michael F. Kukla, both of Cowlin, Ungvarsky, Kukla & Curran, of Crystal Lake, and Henry E. Mueller, of Ancel, Glink, Diamond, Murphy & Cope, P.C., of Chicago, for appellants.

James F. Bishop, of Bishop, Callas & Wagner, of Crystal Lake, for appellees.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiffs are residents and taxpayers of the City of Crystal Lake, Illinois. Plaintiffs sought administrative review of the decision of the City of Crystal Lake Zoning Board of Appeals (Zoning Board) finding that plaintiffs had not timely appealed a purportedly final determination of the Zoning Administrator (Administrator). The Administrator had found that the Crystal Lake Park District's proposed construction of a maintenance garage would be a permitted use within the city's zoning scheme for RE-1 residential areas. The Administrator's determination was in the form of an interoffice memorandum to the city manager dated July 21, 1987. The memorandum further advised that other normal procedures must also be followed in order to receive a development permit under the flood-plain ordinance. Plaintiffs filed their appeal to the Zoning Board on May 2, 1988, which was within

45 days of the issuance of the building permit for the garage (issued April 28, 1988); plaintiffs asserted that they had no prior notice of the actions of the Administrator. The Zoning Board concluded that the plaintiffs' appeal was not timely because it was brought more than 45 days after the Administrator's decision of July 21, 1987, as required by section 11–13–12 of the Illinois Municipal Code (Code) (Ill. Rev. Stat. 1987, ch. 24, par. 11–13–12).

Plaintiffs sought administrative review in the circuit court. On June 21, 1988, the circuit court found that the Administrator's memorandum of July 21, 1987, was not a final determination of the Administrator and therefore plaintiffs' appeal on May 2, 1988, was timely filed. The circuit court further ordered that its stay preventing construction should continue until the Zoning Board rendered a final decision pursuant to the procedures established by the City of Crystal Lake Zoning Ordinance. In effect, the circuit court remanded the case for further proceedings. Defendants timely appealed. Finding that the judgment of the circuit court is not final, we dismiss the appeal.

Defendants raise essentially two contentions on appeal: (1) the trial court's determination that the plaintiffs' appeal to the Zoning Board was timely filed was against the manifest weight of the evidence; and (2) the trial court erred in permitting certain testimony outside the scope of review afforded by section 3–110 of the Administrative Review Law (Ill. Rev. Stat. 1987, ch. 110, par. 3–110).

■ Initially, we note that defendants have failed to include a jurisdictional statement in their brief in contravention of Supreme Court Rule 341(e)(4)(ii) (122 Ill. 2d R. 341(e)(4)(ii)). Additionally, the record appears to be incomplete, contrary to Rule 323(a) (107 Ill. 2d R. 323(a)). The trial court apparently scheduled a hearing on the merits of this case for June 21, 1988, and issued its decision and order on that date; however, defendants have provided no report of the proceedings for that date. The failure to follow those rules can result in the refusal of the court to consider the merits of the appeal or to dismiss the case. (*McKanna v. Duo-Fast Corp.* (1987), 161 Ill. App. 3d 518, 524; *Lindenmier v. City of Rockford* (1987), 156 Ill. App. 3d 76, 79.) In addition, plaintiffs have not filed an appellees' brief. We thus limit our consideration of this appeal to the parameters established in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

■ We choose not to address the merits of defendants' appellate contentions except to the extent that they affect our jurisdiction of the case. We perceive the thrust of defendants' argument as questioning the jurisdiction of the Zoning Board to hear the appeal in the first

instance; this in turn affects the validity of the circuit court's subsequent decision on that issue and, ultimately, our jurisdiction. We recognize that jurisdiction can be attacked at any time or in any court, either directly or collaterally. (*City of Chicago v. Fair Employment Practices Comm'n* (1976), 65 Ill. 2d 108, 112.) The trial court found plaintiffs' appeal to be timely because the Administrator's memorandum was not a final determination We agree with the trial court that the Board could hear plaintiffs' appeal within 45 days of the issuance of the building permit. The memorandum in question reads in pertinent part:

"TO: Joseph Misurelli, City Manager
FROM: Bill Ganek, Zoning Administrator
DATE: July 21, 1987
SUBJECT: Zoning Interpretation for Park District Maintenance Garage

This memo is in response to a letter from Michael T. Caldwell, regarding the Crystal Lake Park District Maintenance Garage. As Zoning Administrator, I am responsible for the interpretation of the Zoning Ordinance. After review of the Crystal Lake Zoning Ordinance, I would agree with Mr. Caldwell's opinion for the following reasons:

1. A park is a permitted use in a 'RE-1' Zoning District (See Table 2—Uses Permitted in Zoning Districts).

2. A maintenance garage including its associated activities would be classified as an accessory structure and accessory use to the use of the property as a park under Section 3 (definitions) of the Crystal Lake Zoning Ordinance and would be considered a permitted use.

While it would appear that an addition to the maintenance garage would be permitted under the Zoning Ordinance, the normal review procedures must be followed by the Park District to receive a 'Development Permit' under the Flood Plain Ordinance. Once a topographic map is prepared for the property, Staff would be better informed to assess what impact, if any, the addition would have on the flood plain.

Should you have any questions, please let me know.
BG/shd
cc: John Cowlin, City Attorney
    Ken Smith, Building Director"

It is clear that the memorandum was advisory and tentative in nature and that the Park District had further steps to take before it could be said that an aggrieved party should be required to intervene

or appeal. Moreover, the memorandum does not appear to be of record and fails to give notice, constructive or otherwise, to any potentially aggrieved parties. Section 11—13—12 of the Code states in pertinent part:

> "An appeal to the board of appeals may be taken by any person aggrieved or by any officer, department, board, or bureau of the municipality. The appeal shall be taken within 45 days of the action complained of by filing, with the officer from whom the appeal is taken and with the board of appeals a notice of appeal, specifying the grounds thereof. The officer from whom the appeal is taken shall forthwith transmit to the board all the papers constituting the record upon which the action appealed from was taken." Ill. Rev. Stat. 1987, ch. 24, par. 11—13—12.

We fail to see how an internal action of the municipality in this case, unknown to any potentially interested parties, should trigger the running of the 45-day appeal period. It is clear that a person cannot be aggrieved until he has some actual or constructive knowledge of the action complained of or suffers some injury in fact. While we have found no Illinois case directly on point, *Bull v. American National Bank & Trust Co.* (1969), 112 Ill. App. 2d 32, is instructive by analogy. There, a plaintiff was adversely affected by defendant applicant's use of an irregular procedure to secure a building permit. The zoning administrator initially denied defendant's application for a zoning variation, and defendant appealed to the zoning board of appeals. While the appeal was pending and without notice to either the board or to the plaintiff, defendant applied to the zoning administrator a second time, and the second request was allowed. Defendant then commenced construction of a building based on the approval of the second application. However, unaware of these developments, the zoning board affirmed the initial decision denying the zoning variation; defendant ignored that decision. Plaintiff noticed the permit issued pursuant to the second application when the permit was posted at the construction site and sued to enjoin construction. Plaintiff filed her complaint 40 days after the permit was posted at the building site.

Plaintiff could have appealed but failed to appeal the second decision of the zoning board within the 30 days provided by the rules of the zoning board then in effect. Plaintiff instead chose to obtain relief under section 11—13—15 of the Code (Ill. Rev. Stat. 1967, ch. 24, par. 11—13—15), whose provisions were intended to prevent zoning violations. The reviewing court found that plaintiff's complaint was filed within a reasonable time after learning of the violation. The reviewing court also found that plaintiff's choice of a remedy was appropriate

under the circumstances and that she was an aggrieved party whose predicament was caused by defendant's use of an irregular procedure. Her predicament was aggravated by defendant's failure to notify plaintiff of the second application. The court found that plaintiff was not at fault; she could not object to a permit of which she had no knowledge and where there was no reason to examine the public records. *Bull,* 112 Ill. App. 2d at 38.

■ Similarly, in this case, plaintiffs could not object to the propriety of a zoning determination which was merely advisory, which was promulgated by interoffice memorandum within the municipal government, which was unknown to the complaining parties, and which required further steps before it would become an action that would aggrieve the plaintiffs. Here, the only "action" that could have aggrieved plaintiffs was the issuance of the permit authorizing construction. We conclude that the Zoning Board could have and should have heard plaintiffs' appeal filed on May 2, 1988, in view of the apparently irregular procedure used to secure the building permit.

■ Having determined that the Zoning Board had jurisdiction to hear plaintiffs' appeal, we next consider whether the trial court's order is final and appealable for the purposes of appellate review. We have a duty to inquire into our jurisdiction and to dismiss an appeal if jurisdiction is wanting. *Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 539.

■ This court has stated that "a circuit court order remanding a cause to the administrative agency for further hearings or proceedings has been held to be a non-appealable interlocutory order," and the general rule is that "when an administrative decision is reversed, vacated, or remanded, the case stands as if no decision had ever been made." *Jones v. Board of Fire & Police Commissioners* (1984), 127 Ill. App. 3d 793, 801.

When a reviewing court remands for further proceedings involving disputed questions of law or fact, the judgment of the reviewing court is not final. (*Wilkey v. Illinois Racing Board* (1983), 96 Ill. 2d 245, 249.) In such a case, upon remand of a cause to an agency for further proceedings, jurisdiction must necessarily remain with the circuit court until after disposition of those matters; only when the circuit court has examined the results of these additional proceedings will we recognize its subsequent order as being final and appealable. *Mitrenga v. Martin* (1982), 110 Ill. App. 3d 1006, 1008.

■ The ultimate question is whether the order fully and finally disposed of the rights of the parties so that no material, controverted issue remains to be determined. (*Wilkey,* 96 Ill. 2d at 249.) In the

present case, the trial court effectively remanded the case to the Zoning Board for a final decision on plaintiffs' appeal and ordered that the stay of construction continue until a final decision was issued. Because the court reversed and remanded the case for further action, we cannot assume that the Zoning Administrator's advice will prevail or that a valid building permit will issue. Thus, the rights of the parties are not finally adjudicated. Additionally, the circuit court must have an opportunity to review any action taken by the Zoning Board before appellate jurisdiction can be conferred on this court. *Mitrenga*, 110 Ill. App. 3d at 1008.

Accordingly, we must dismiss the appeal.

Appeal dismissed.

REINHARD and NASH, JJ., concur.