THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v.
THE POLLUTION CONTROL BOARD *et al.*, Appellees.

Second District   No. 2—89—0340

Opinion filed November 17, 1989.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Michelle D. Jordan, Matthew J. Dunn, Joseph J. Annunzio, and Pamela M. Ciarrocchi, Assistant Attorneys General, of Chicago, of counsel), for the People.

Daniel L. Siegfried, Special Attorney General, of Chicago, Betty Harrop, of Environmental Protection Agency, of Maywood, and Wayne Wiemerslage, of Environmental Protection Agency, of Springfield (Karen Rosenwinkle, Special Assistant Attorney General, of counsel), for respondent Pollution Control Board.

Jeffrey C. Fort, Susan M. Franzetti, and Mary Beth Cyze, all of Gardner, Carton & Douglas, of Chicago, for respondent Riverside Laboratories, Inc.

JUSTICE McLAREN delivered the opinion of the court:

The State appeals from an order of the Pollution Control Board. We dismiss the appeal.

Riverside Laboratories, Inc. (Riverside), operates a paper-treatment plant in Geneva. In February 1987 Riverside submitted to the Environmental Protection Agency (Agency) an application for renewal of its permit for air emissions. On April 3, 1987, the Agency denied the application, finding that Riverside was subject to and not in compliance with paper-coating regulations. Riverside appealed the permit denial to the Pollution Control Board (Board). On January 5, 1989, the Board reversed and remanded for review the Agency's determination that the regulations applied. On April 6, 1989, the Attorney General filed a petition for review on behalf of the People of the State of Illinois, seeking a reversal of the Board's order.

We have taken with the case the Board's motion to dismiss the appeal. The Board contends that, since the matter was remanded to the Agency for review and further action, the order giving rise to this appeal is not of a final character sufficient to support an appeal. We agree with the Board's contention.

The Board's order of January 5, 1989, states in relevant part:

"Based upon a review of the record and the regulations at issue, and the Board's finding that Petitioner, Riverside Laboratories, Inc., is not subject to the paper coating regulation set forth at 35 Ill. Adm. Code 215.204(c), the Agency determination that Riverside is subject to the paper coating regulations

(215.204(c)) is reversed.

*The Board does not, in this proceeding, make a finding concerning the applicability of any other regulations to this Petition particularly as this issue was not fully aired; this would be the province of some future action. Likewise the Board does not order the Agency to issue the desired permit.*

*The Board remands this action to the Agency for review consistent with the Board's holding that Riverside is not subject to 35 Ill. Adm. Code 215.204(c).* During such review Riverside shall be afforded the opportunity to amend its application or submit additional information." (Emphasis added.)

■ Final orders of the Board may be reviewed directly by the appellate court. (Ill. Rev. Stat. 1987, ch. 111½, par. 1041; *Landfill, Inc. v. Pollution Control Board* (1978), 74 Ill. 2d 541.) The finality of an order is not necessarily determined by its form; a remandment does not always render a judgment nonfinal. (*Wilkey v. Illinois Racing Board* (1983), 96 Ill. 2d 245, 249.) Finality must be based upon a determination that the judgment fully and finally disposes of the rights of the parties so that no material controverted issue remains to be determined. (*Wilkey,* 96 Ill. 2d at 249-50.) Where a cause is remanded for a new trial or further proceedings involving disputed questions of law or fact, the judgment is not final. *Wilkey,* 96 Ill. 2d at 249.

■ In the case before us, the proceeding before the Board was a review of the Agency's denial of Riverside's permit application. The ultimate issue was whether the Agency had properly denied the application. The Board's order concerned only the application of the paper-coating regulations to Riverside. The Board explicitly stated that it did not make a finding concerning the applicability of other regulations to Riverside, and it did not order the Agency to issue the permit. Therefore, there has not been a full adjudication on the propriety of issuing or denying the permit. The Agency must still consider Riverside's application in light of the Board's order and any other regulations that may apply. Since further proceedings on the application are yet required, this order was not appealable to this court as a final order of the Board.

The State argues that, with respect to the paper-coating issue, "the rights of the parties were fully and finally disposed of." It is true that this one issue is finally resolved. However, other issues regarding Riverside's permit application remain unresolved. To adopt the State's position that the disposition of each issue in a proceeding is appealable is to encourage piecemeal appeal of an action. This we

will not do. Neither the resources of the judiciary, nor those of the office of the Attorney General, are well utilized under such an interpretation of the law.

For these reasons, the instant appeal is dismissed.

Dismissed.

DUNN and WOODWARD, JJ., concur.