AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EM-
PLOYEES (AFSCME), AFL-CIO, Plaintiff-Appellant, v. THE STATE OF
ILLINOIS, Department of Corrections, *et al.*, Defendants-Appellees.—
AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EM-
PLOYEES, Council 31, AFL-CIO, Petitioner-Appellant, v. THE ILLINOIS
STATE LABOR RELATIONS BOARD *et al.*, Respondents-Appellees.

First District (5th Division)   Nos. 1—86—2988, 1—87—1392 cons.

Opinion filed December 8, 1989.

Cornfield & Feldman, of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield, for appellees.

JUSTICE COCCIA* delivered the opinion of the court:
These consolidated appeals arise under the Illinois Public Labor Relations Act (IPLRA) (Ill. Rev. Stat. 1985, ch. 48, par. 1601 *et seq.*). In No. 86—2988, the American Federation of State, County and Municipal Employees (union) appeals from an order entered by the circuit court, vacating an arbitration award entered in favor of one of its members. In No. 87—1392, the same union appeals from the dismissal of an unfair labor practice claim it filed with the Illinois State Labor Relations Board, charging certain employers with failing and refusing to comply with several arbitration awards, including the award at issue in No. 86—2988. We have concluded that appeal No. 86—2988 must be dismissed, as it was not taken from a final order; we affirm appeal No. 87—1392 on the merits. Each case shall be discussed separately.

NO. 86—2988

On March 17, 1986, the union filed an application to confirm an arbitration award in the circuit court. The union named the State of Illinois, Department of Corrections, and its Director, Michael P. Lane, as defendants, along with the Department of Central Management

*This case was assigned to Justice Coccia on April 1, 1989.

Services, and its Director, Michael F. Tristano. The Union alleged that defendants employed Ralph Hrobowski, one of its members, in the position of parole officer. Defendants suspended Hrobowski without pay on June 9, 1985. The union filed a grievance, protesting that defendants terminated him without just cause.

The union also averred that this dispute was ultimately submitted to arbitration, as contemplated by the collective bargaining agreement in effect between it and defendants. On February 12, 1986, the arbitrator ruled that defendants had discharged Hrobowski without just cause. The arbitrator ordered defendants to reinstate Hrobowski and to make him whole by paying all wages he would have earned had defendants not discharged him.

The union further asserted that defendants refused to comply with the terms of the arbitration award. Pursuant to the IPLRA and the Illinois Uniform Arbitration Act (Ill. Rev. Stat. 1985, ch. 10, par. 101 et seq.), the union requested that the circuit court direct defendants to comply with the award.

In response, defendants moved to vacate the arbitration award. They stated that Hrobowski was discharged for heroin possession, contrary to the criminal law of this State as well as the rules of the Department of Corrections. The arbitrator had granted the union's motion to suppress all evidence regarding Hrobowski's heroin possession, on the basis of the exclusionary rule. That evidence had also been excluded in an earlier criminal action against Hrobowski, the trial court ruling that it had been seized in violation of the fourth and fourteenth amendments to the Constitution of the United States. After the evidence of Hrobowski's heroin possession was suppressed in the criminal case, the State's Attorney declined to prosecute him.

In their motion to vacate, defendants argued that the arbitrator's decision to apply the exclusionary rule outside the realm of criminal law violated public policy. The circuit court denied defendants' motion, but they moved to reconsider that ruling. Subsequently, the circuit court granted their motion to reconsider and vacated the arbitration award. The circuit court decided that the exclusionary rule was incorrectly applied in the arbitration proceeding and that the award violated public policy. The circuit court remanded the matter for a hearing consistent with its decision. Moreover, the circuit court made a finding, under Illinois Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)), that there was no just reason to delay enforcement or appeal of its order. The union has now appealed to this court.

On February 17, 1987, defendants moved to dismiss the union's appeal, contending that the circuit court's order was not final and,

thus, not appealable. The union retorted that the circuit court's order was final, because of the limited grounds available for review of arbitration awards. In any event, contended the union, defendants' objections to this court's jurisdiction should have been raised by brief rather than by motion. We denied defendants' motion on February 22, 1987. Defendants then raised the finality issue in their briefs. Subsequently, our supreme court decided *American Federation of State, County & Municipal Employees v. State of Illinois* (1988), 124 Ill. 2d 246, 529 N.E.2d 534 (*AFSCME*). In light of *AFSCME*, we have now concluded that the order appealed from is nonfinal. Since the union has appealed from an order which is not final, its appeal must be dismissed.

The fact that the circuit court made a finding pursuant to Supreme Court Rule 304(a) does not end our analysis of the finality question. Such language alone cannot make a nonfinal order final and, consequently, appealable. (*Mitrenga v. Martin* (1982), 110 Ill. App. 3d 1006, 1007, 443 N.E.2d 268, 269.) Indeed, the Committee Comments to Rule 304(a) state:

"[I]t is not the court's finding that makes the judgment final, but it is the court's finding that makes this kind of a final judgment appealable." 107 Ill. 2d R. 304(a), Committee Comments, at 399.

The finality of an order is not necessarily determined by its form; therefore, the ordering of a remandment does not invariably render a judgment nonfinal. (*Wilkey v. Illinois Racing Board* (1983), 96 Ill. 2d 245, 249, 449 N.E.2d 843, 844.) *Wilkey* was an administrative review action, in which the circuit court reversed and remanded orders of the Illinois Racing Board for *de novo* hearings. On appeal, the supreme court stated that it adhered to the same definition of finality in the context of administrative review as in other appeals. (*Wilkey*, 96 Ill. 2d at 250, 449 N.E.2d at 845.) The ultimate test of finality is whether the judgment appealed from fully and finally disposes of the rights of the parties to the cause so that no material controverted issue remains to be determined. (*Wilkey*, 96 Ill. 2d at 249, 449 N.E.2d at 844.) Because the supreme court concluded that the circuit court's order was nonfinal, it held that the appellate court properly dismissed the Board's appeal. *Wilkey*, 96 Ill. 2d at 251, 449 N.E.2d at 845.

Given *Wilkey*, we must conclude that the circuit court's order, remanding the cause to the arbitrator, is nonfinal. We see no reason to apply a different definition of finality than that expressed by our supreme court. A contrary conclusion would be unjustified in view of the Uniform Arbitration Act, which provides that appeals from arbi-

tration awards "may be taken in the same manner, upon the same terms, and with like effect as in civil cases." (Ill. Rev. Stat. 1985, ch. 10, par. 118.) Here, in the language of *Wilkey*, the circuit court's judgment does not fully and finally dispose of the parties' rights so that no material controverted issue remains to be determined. Rather, on remand, *the* material controverted issue remains to be determined—whether defendants had just cause for terminating Hrobowski. Of course, on remand the arbitrator must consider evidence he previously excluded. We cannot and do not presume that either Hrobowski or defendants will prevail before the arbitrator; thus, the parties' rights have not been fully and finally determined. See *Doyle v. City of Crystal Lake* (1989), 183 Ill. App. 3d 405, 411, 539 N.E.2d 796, 800.

■ The union attempts to distinguish *Wilkey* on the grounds that the standard of review of labor arbitration awards under the Uniform Arbitration Act is narrower than the standard of review for administrative agency decisions. Yet in arguing that the circuit court's order is final, the union characterizes review of arbitration awards more narrowly than the cases warrant. In *AFSCME*, the supreme court recently explained the standard of review for arbitration awards governed by the IPLRA. Review of such awards is indeed limited. (*AFSCME*, 124 Ill. 2d at 254, 529 N.E.2d at 537.) A labor arbitration award must be enforced if the arbitrator acts within the scope of his authority and if the award draws its essence from the parties' collective bargaining agreement. (*AFSCME*, 124 Ill. 2d at 254, 529 N.E.2d at 537.) However, an arbitration award in contravention of paramount considerations of public policy is not enforceable. (*AFSCME*, 124 Ill. 2d at 260, 529 N.E.2d at 540.) Furthermore, courts refuse to enforce arbitration awards that require violations of law. *AFSCME*, 124 Ill. 2d at 263, 529 N.E.2d at 541.

■ The arbitrator could rule in Hrobowski's favor on remand. Therefore, were we to reach the merits of the circuit court's order now, we might be deciding matters that need not be decided. (See *Fleetwood Development Corp. v. Northbrook Property & Casualty Insurance Co.* (1988), 172 Ill. App. 3d 83, 86, 526 N.E.2d 381, 384.) This would constitute a waste of judicial resources. On the other hand, if the arbitrator rules in defendants' favor, the union could then seek review in the circuit court on public policy grounds, or the other grounds expressed in *AFSCME*. If necessary, we could then review the circuit court's judgment. We need not decide today whether, under the IPLRA, circuit court orders remanding arbitration awards are nonfinal for all intents and purposes. But in light of *AFSCME* and the

facts of our case, we are persuaded that the union's appeal in No. 86—2988 must be dismissed for the reason that it was not taken from a final order.

NO. 87—1392

Essentially the same parties involved in No. 86—2988 have joined issue in No. 87—1392. Furthermore, the procedural history of No. 86—2988 provided the union with grounds to bring an unfair labor practice charge before the Illinois State Labor Relations Board (Board) in No. 87—1392. The charge was brought against the State of Illinois, and the Departments of Central Management Services, Corrections, Revenue, and Mental Health (employers). The union charged employers with failing and refusing to comply with certain arbitration awards, one of which was the award entered in Hrobowski's favor, discussed above.

Specifically, the union claimed that employers violated sections 10(a)(1) and 10(a)(4) of the IPLRA. (Ill. Rev. Stat. 1985, ch. 48, pars. 1610(a)(1), (a)(4).) The union alleged that employers violated section 10(a)(1) by interfering with the right of employees to final and binding arbitration, and that employers violated section 10(a)(4) in that they bargained in bad faith by not abiding by arbitration awards. In effect, the union asserted that only the Board, and not the circuit court, had authority to vacate arbitration awards on public policy grounds.

In response to the union's charges, employers invoked section 8 of the IPLRA:

> "Grievance Procedure. The collective bargaining agreement negotiated between the employer and the exclusive representative shall contain a grievance resolution procedure which shall apply to all employees in the bargaining unit and shall provide for final and binding arbitration of disputes concerning the administration or interpretation of the agreement unless mutually agreed otherwise. *** The grievance and arbitration provisions of any collective bargaining agreement shall be subject to the Illinois 'Uniform Arbitration Act'." (Ill. Rev. Stat. 1985, ch. 48, par. 1608.)

Section 12 of the Uniform Arbitration Act states the grounds upon which the circuit court shall vacate arbitration awards, such as corruption or partiality of the arbitrators. (See Ill. Rev. Stat. 1985, ch. 10, par. 112(a).) Given the IPLRA's section 8 and the Uniform Arbitration Act's section 12, employers concluded that they had a statutory right to seek vacation of arbitration awards in the circuit court. In addition, employers argued, no language in the IPLRA gave the

Board authority to review arbitration awards.

After the union's charges had been investigated, the Board's Executive Director dismissed them. The Director noted that the IPLRA's section 8 incorporated the Uniform Arbitration Act. Under the latter statute, he stated, either the union or employers could seek vacation of an arbitration award in the circuit court. Therefore, the Director decided that the evidence substantiated reliance by employers on their statutory right to review, instead of conduct amounting to an unfair labor practice. He consequently found no violation of the IPLRA merely because employers were resorting to their statutory right to seek vacation of arbitration awards in the courts.

The union appealed the Executive Director's dismissal of its charge to the Board. After briefing and oral arguments, the Board upheld the dismissal. The Board first placed the union's charges in statistical context. In the case before it, observed the Board, employers contested approximately five arbitration awards that had been rendered pursuant to arbitration proceedings contained in their collective bargaining agreements with the union. There are thousands of State employees, and 600 to 700 grievances are filed monthly across the State. These grievances result in 150 to 180 arbitration hearings per year. In each of the underlying cases before the Board, including Hrobowski's grievance, the arbitrator had reinstated employees who had been discharged pursuant to just cause provisions in the collective bargaining agreements. Employers then challenged the arbitration awards in court under the Uniform Arbitration Act.

The Board characterized the issue before it narrowly: whether employers were guilty of unfair labor practices for noncompliance with arbitration awards when those awards were being challenged in the courts pursuant to the Uniform Arbitration Act. The Board stated that Illinois courts had yet to settle which grounds were available for review of arbitration awards issued under collective bargaining agreements. The Board found, however, that employers' good-faith pursuit of their statutory right to judicial review was a defense to the union's unfair labor practice charges. The Board reasoned that it would not effectuate the IPLRA's purposes to find employers guilty of unfair labor practices when they were only exercising their statutory right to review.

The union has sought administrative review of the Board's decision under the IPLRA. (See Ill. Rev. Stat. 1985, ch. 48, par. 1611(e).) After the parties' initial briefs were filed, the Illinois Supreme Court rendered decisions that are relevant to the disposition of this appeal. We have reviewed those decisions, as well as the supplemental briefs

submitted by the parties, and conclude that the Board must be affirmed.

*AFSCME*, discussed above, is the most important of these recent decisions for our purposes. In point of fact *AFSCME*, like Hrobowski's claim in No. 86—2988, is one of the cases which undergirds the union's unfair labor practice charges in No. 87—1392. In *AFSCME*, the same union involved in this consolidated appeal brought an application in the circuit court to enforce an arbitration award. As in No. 86—2988, defendants—including certain employers involved here—moved to vacate the award on public policy grounds. The arbitrator had reduced discipline imposed on two employees for mistreating a service recipient of the Department of Mental Health. The circuit court vacated the arbitrator's award, ruling that it represented a departure from Illinois' public policy, which is to protect rather than endanger mental patients. This court reversed the circuit court, holding that the award did not violate public policy. *American Federation of State, County & Municipal Employees v. State of Illinois* (1987), 158 Ill. App. 3d 584, 511 N.E.2d 749.

Upon defendants' appeal, the supreme court affirmed this court. As we observed in our discussion of No. 86—2988, the supreme court analyzed appellate review of labor arbitration awards in detail. It bears repeating here that appellate review of such awards is narrow, but that an award in contravention of paramount public policy concerns is not enforceable.

In view of *AFSCME*, we are compelled to hold that the Board did not err by upholding the dismissal of the union's unfair labor practice charges. The supreme court disagreed with the circuit court's application of public policy, but it never suggested that the circuit court lacked jurisdiction to vacate arbitration awards on public policy grounds. What is more, the supreme court stated that such awards cannot stand if they are contrary to paramount notions of public policy. Thus, *AFSCME* leaves no room for the Union to argue that employers' conduct—in seeking to vacate arbitration awards in the circuit court on public policy grounds—constituted an unfair labor practice. Indeed, by ruling in the union's favor, we would be overstepping the bounds of our authority, for such a ruling would be inconsistent with *AFSCME*'s implicit teaching: that Illinois courts have the power, albeit limited power, to vacate public labor arbitration awards on the basis of public policy.

The union has cited cases under the IPLRA's companion statute, the Illinois Educational Labor Relations Act (IELRA) (Ill. Rev. Stat. 1985, ch. 48, par. 1701 *et seq.*), in its attempt to persuade us that the

Board erred. Principal among these cases is *Board of Education of Community School District No. 1 v. Compton* (1988), 123 Ill. 2d 216, 217, 526 N.E.2d 149, 150, wherein the supreme court held that the IELRA divests the circuit courts of jurisdiction to vacate or enforce educational labor arbitration awards. In *Compton*, the supreme court stated that no provision of the IELRA gives the circuit courts power to vacate, modify, or enforce such arbitration awards. (*Compton*, 123 Ill. 2d at 221, 526 N.E.2d at 152.) In contrast, the IPLRA's section 8 incorporates the Uniform Arbitration Act, which in section 12 undeniably contemplates vacation of arbitration awards—such as those at issue in our case—by circuit courts.

In setting forth the reasons for its interpretation of the IELRA, the supreme court distinguished that statute from the IPLRA:

"Several aspects of the Act [IELRA] support the conclusion that the legislature intended to divest the circuit courts of primary jurisdiction over educational labor arbitration awards. First, the Act was adopted in the same legislative session as the Illinois Public Labor Relations Act [citation]. The two acts together were an attempt to provide 'a comprehensive regulatory scheme for public sector bargaining in Illinois.' [Citation.] The Illinois Public Labor Relations Act [citation], unlike the Educational Labor Relations Act, explicitly provides for enforcement of arbitration awards in accordance with the Uniform Arbitration Act [citation]. Under the Uniform Arbitration Act, *all* proceedings to compel arbitration, to stay arbitration, to seek vacation of an award, or to enforce an award are through the circuit court. [Citation.] The absence of any reference to the Uniform Arbitration Act in the Illinois Educational Labor Relations Act strongly suggests that the legislature did not intend review of arbitration awards by the circuit court ***." (Emphasis added.) (*Compton*, 123 Ill. 2d at 221-22, 526 N.E.2d at 152.)

If, as the supreme court reasoned in *Compton*, all proceedings to seek vacation of public labor arbitration awards are through the circuit court, then we must reject the union's contention that only the Board has jurisdiction to vacate such awards.

The union also relies upon the recently decided case of *City of Decatur v. American Federation of State, County & Municipal Employees* (1988), 122 Ill. 2d 353, 522 N.E.2d 1219, in support of its claim that the unfair labor practice charges were wrongly dismissed. We find *Decatur* to be factually distinct, for the dispute therein centered upon section 7 of the IPLRA (Ill. Rev. Stat. 1985, ch. 48, par. 1607). Section 7, which is not at issue here, governs the duty to bar-

gain collectively. Yet the supreme court recognized, although it did not apply, the rule that courts generally accord deference to the interpretation placed upon a statute by the administrative agency charged with its administration. *Decatur*, 122 Ill. 2d at 361, 522 N.E.2d at 1222.

■ The Board is charged with the administration of the IPLRA, and the Board's interpretation of that statute is supported by its plain language. The IPLRA's section 8 incorporates the Uniform Arbitration Act; the Uniform Arbitration Act's section 12 gives the circuit courts authority to vacate arbitration awards. If we accepted the union's reading of the IPLRA, section 8's reference to the Uniform Arbitration Act would be rendered superfluous in important respects. That is, employers—and employees, too, by parity of reason—would in effect be deprived of their statutory right to a form of review. This court has previously stated that it does not interpret statutes so as to render portions of them meaningless. (See *In re Petition to Form a New Park District Coterminous with the Village of Maywood, Illinois, to Supercede the Existing Central Area & West Maywood Park Districts* (1989), 182 Ill. App. 3d 973, 981, 538 N.E.2d 849, 854.) In this case, we decline to read a remedy available to both employers and employees out of the IPLRA. Accordingly, the Board's interpretation of the statute that it administers shall be upheld.

We are grateful to the parties for bringing to our attention cases and statutes, both Federal and those of other States, on the issues before us. However, given the recent decisions of our own supreme court, as well as the plain language of our statutes, we deem discussion of them unnecessary.

For the reasons stated, we dismiss No. 86—2988 and affirm No. 87—1392.

Appeal No. 86—2988, Dismissed.
Appeal No. 87—1392, Affirmed.

LORENZ and PINCHAM, JJ., concur.