ALAN FRIEDLAND, Plaintiff-Appellee, v. BOARD OF TRUSTEES OF THE MOLINE POLICE DEPARTMENT PENSION FUND, Defendant-Appellant.

Third District   No. 3—89—0504

Opinion filed August 2, 1990.

Klockau, McCarthy, Ellison & Marquis, P.C., of Rock Island (G. Trent Marquis, of counsel), for appellant.

Van Hooreweghe, Fackel & Thuline, of Moline (Francis Van Hooreweghe, of counsel), for appellee.

Doss, Puchalski & Keenan, Ltd., of Chicago, for *amicus curiae* Illinois Police Pension Fund.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, the Board of Trustees of the Moline Police Department Pension Fund (board), appeals from an order of the circuit court entered in an action brought by the plaintiff, Alan Friedland (police officer), seeking review of an administrative decision by the board. For reasons explained below we dismiss this appeal.

On July 1, 1987, the police officer was appointed as a probationary police officer with the Moline police department. He applied for membership in the Moline Police Department Pension Fund (fund) in a timely fashion, but was denied membership and failed to seek review of the denial. Effective July 1, 1988, the police officer was appointed as a permanent police officer. On August 16, 1988, the police officer once again applied for membership in the fund. On October 11, 1988, the board rejected the application "as untimely."

On October 26, 1988, the police officer filed a complaint in the circuit court for administrative review of the board's rejection of the second application. On January 30, 1989, the circuit court remanded the cause to the board for the limited purpose of considering and deciding whether the appointment to permanent status constituted a reappointment for purposes of section 3—106 of the Illinois Pension Code (Ill. Rev. Stat. 1987, ch. 108½, par. 3—106). On April 12, 1989, the board considered the issue, gave the police officer and his counsel

an opportunity to present their position, and decided that the appointment to permanent status did not constitute a reappointment for purposes of section 3—106.

On April 21, 1989, in accord with an agreement between the parties, the police officer filed an amended complaint for administrative review. On July 6, 1989, the circuit court reversed the finding of the board, holding that the appointment to permanent status constituted a reappointment for purposes of section 3—106, and remanded the cause to the board "for the Board to consider the application as filed." The circuit court made no findings that would permit an interlocutory appeal of its order. The board then brought this appeal. The police officer moved in the appellate court to dismiss the appeal, and that motion has been taken with the case.

■ The finality of an order of the circuit court sitting in review of an administrative decision is determined by the same standards as apply to the finality of a decision of the appellate court sitting in review of a decision by the circuit court in a case not involving administrative review. (See *Wilkey v. Illinois Racing Board* (1983), 96 Ill. 2d 245, 250, 449 N.E.2d 843, 845.) The finality of an order is not necessarily determined by its form, and while ordinarily an order remanding a cause for further proceedings will not be final, a remandment does not invariably render an order nonfinal. (See *Wilkey*, 96 Ill. 2d at 249, 449 N.E.2d at 844.) Where a cause is remanded for further proceedings involving disputed questions of law or fact, the remanding order or judgment is not of a final character. (See *Wilkey*, 96 Ill. 2d at 249, 449 N.E.2d at 844.) " 'The ultimate question to be decided in each case is whether the judgment fully and finally disposes of the rights of the parties to the cause so that no material controverted issue remains to be determined.' " *Wilkey*, 96 Ill. 2d at 249, 449 N.E.2d at 844, quoting *Cory Corp. v. Fitzgerald* (1949), 403 Ill. 409, 415, 86 N.E.2d 363, 366.

In *Doyle v. City of Crystal Lake* (1989), 183 Ill. App. 3d 405, 539 N.E.2d 796, a zoning board had rejected as untimely a request for review of the issuance of a building permit. In reviewing that action, the circuit court found that the filing of the petition was timely and stayed construction until a final decision would be rendered by the zoning board in review of the issuance of the building permit, effectively remanding the cause to the zoning board for further proceedings. The city appealed that ruling, but the appellate court dismissed the appeal on the basis that disputed questions of law or fact remained to be determined and the rights of the parties had not been finally adjudicated.

In *People v. Pollution Control Board* (1989), 190 Ill. App. 3d 945, 547 N.E.2d 647, the appellate court had before it a direct appeal from a decision of the Pollution Control Board. While the procedural posture of that case differs from that of this case, it is analogous to that of this case. More importantly, the observations of the appellate court there are instructive. In that case a permit had been denied by a State agency on the basis that the company involved had not been in compliance with certain regulations. In reviewing the action of that agency, the Pollution Control Board determined that the regulations on which the agency had based its decision simply did not apply under the circumstances of the case. Rather than directing the State agency to issue the permit, the Pollution Control Board remanded the matter to the State agency for further proceedings to determine whether the company was otherwise eligible for the permit it was requesting. The Attorney General sought to appeal the decision of the Pollution Control Board, but the appellate court dismissed the appeal. The court stated that there had not been a full adjudication of the propriety of issuing or denying the permit, and that since further proceedings were required for that purpose, the order was not appealable as a final order. The appellate court rejected the argument of the Attorney General that the issue of the applicability of the regulations involved had been finally decided and that therefore the decision of the Pollution Control Board was a final one. The court in that case viewed such a definition of finality as one that would encourage piecemeal appeal of separate issues in any given lawsuit, something it deemed undesirable.

■ In the instant case, there remain substantial questions of law and fact that remain to be determined by the board before the ultimate issue can be reached of whether the police officer's application for membership in the fund ought to be approved or denied. If we were to affirm the circuit court's order, the case would clearly not be near final resolution, as the board would have to treat the application as having been timely filed and would have to follow the procedures established for processing applications that are timely filed. Once a final decision would be made by the board, that decision would be subject to administrative review, and this court might then have to decide other issues in the case. It is our view that the order from which the board is seeking to appeal is not a final order, and since no steps were taken to bring an interlocutory appeal, we have no choice but to dismiss this appeal.

We distinguish a recent case that might appear to be at variance with the instant case. In *Fisher v. Rock Island County* (1989), 191 Ill.

App. 3d 110, 547 N.E.2d 678, the appellate court determined that an order of the circuit court was final and appealable, where the order remanded a cause to a commission charged with evaluating applicants for positions as deputy sheriffs. In that case this court viewed the order as directing the commission to do very specific things that did not involve resolution of any material questions of law or fact. The circumstances of each case will determine whether a remand would involve further proceedings of material issues that will be in controversy, and the circumstances in the *Fisher* case were such that this court regarded the further proceedings to be on incidental matters. The order of the circuit court in that case effectively directed the commission to add the applicant's name to the then current eligibility list for a deputy sheriff position. In contrast, in the instant case it is an open question whether the police officer's application to the fund ought to be approved, even if one assumes that it was filed in a timely fashion.

Accordingly, we dismiss this appeal.

Appeal dismissed.

SCOTT and BARRY, JJ., concur.