ILLINOIS WOOD ENERGY PARTNERS, L.P., *et al.*, Plaintiffs-Appellees, v. THE COUNTY OF COOK *et al.*, Defendants-Appellants.

First District (6th Division) No. 1—95—1191

Opinion filed November 3, 1995.—Rehearing denied December 27, 1995.

842

Jack O'Malley, State's Attorney, of Chicago (Patricia M. Shymanski, Patricia M. Moser, Jayman A. Avery III, Jeffrey S. McCutchan, and Andrew M. Varga, Assistant State's Attorneys, of counsel), for appellants.

William J. Harte, Ltd., of Chicago (William J. Harte, Joan M. Mannix, Stephen L. Garcia, and Cynthia E. Cervini, of counsel), for appellees.

JUSTICE ZWICK delivered the opinion of the court:

Plaintiffs instituted this action seeking a writ of *mandamus* to compel issuance of a grading permit by the Cook County department of building and zoning and requesting injunctive and declaratory relief. The trial court granted summary judgment in favor of plaintiffs on their claims for *mandamus* and for declaratory judgment, but dismissed their claim for injunctive relief. On appeal, defendants challenge the entry of summary judgment for plaintiffs as well as the denial of their motion to disqualify the law firm of Schain, Firsel & Burney, Ltd.

Plaintiffs desired to construct a facility which they characterized as a power plant in south suburban Cook County which would produce electrical energy from a turbine generator powered by steam created in a boiler fueled by incineration of waste wood chips. The electricity then would be sold to Commonwealth Edison. The site on which plaintiffs intended to construct the proposed facility was a 27-acre parcel located in unincorporated Cook County with a zoning classification of I-3 intensive industrial. Such a zoning designation is intended to provide lands for use by heavy or intense industries and is designed primarily for manufacturing, assembling, and fabricating activities, including large scale or specialized operations whose external effects will be felt to some degree by surrounding zoning districts.

Section 6.33 of the zoning ordinance set forth the permitted uses in the I-3 zoning district, which include air, railroad, and water freight terminals, railroad switching and classification yards, repair shops and round houses, and buildings for chemical processing and manufacturing, foundries, heavy machinery production, leather tan-

ning or processing, paint products manufacturing, plastic manufacturing, rubber processing, steel production and fabrication, and power plants.

On December 9, 1992, Thomas R. Burney of the law firm of Schain, Firsel and Burney, Ltd., acting on behalf of the plaintiffs, sent a letter to Cook County Zoning Administrator Kellie Peterson. In his letter, Burney expressed plaintiffs' need for a definitive decision from the county that their proposed facility qualified as a power plant, an enumerated permitted use in the I-3 district. The letter stated, in pertinent part, as follows:

> "Pursuant to Section 13.23 of the Cook County Zoning Ordinance, your Department has the authority to issue certificates indicating that the proposed building, structure or use complies with the provisions of this Ordinance. We are requesting that you, as Zoning Administrator, issue a certificate of zoning that the use described herein is an enumerated permitted use in the I-3 District.
>
> As the attached report explains, there is some ambiguity in the I-3 District and [the plaintiffs] [are] interested in obtaining a definitive decision that this use as described herein is not an incinerator, which is an enumerated special use in the Cook County Zoning Ordinance. As we describe below, neither of these terms are defined in the Cook County Zoning Ordinance and, therefore, my client has requested that we obtain a decision.
>
> We would welcome the opportunity to present the merits of our position to the Cook County Zoning Board of Appeals which is charged with the responsibility for interpreting the Cook County Zoning Ordinance. If you would feel more comfortable referring this matter to the Zoning Board of Appeals pursuant to administrative appeal, we would be happy to proceed to that forum for a definitive decision."

One week later, on December 16, 1992, the zoning administrator sent a letter to Alex R. Seith, chairman of the zoning board of appeals, which stated, in pertinent part, as follows:

> "Pursuant to Section 13.32 of the Cook County Zoning Ordinance, I have been requested to issue a Zoning Certification that the attached Proposed Use is an Enumerated Permitted Use in the I-3 Intensive Industrial District under the Cook County Zoning Ordinance.
>
> * * *
>
> Mr. Thomas Burney of Schain, Firsel & Burney, has respectfully requested an opportunity to address the Zoning Board of Appeals on this subject. Please notify myself or Mr. Burney of a convenient time and date for this meeting. Thank you for your cooperation."

The matter was then considered by the zoning board of appeals without any further action taken by the zoning administrator. The hearings were conducted in executive session on January 20, 1993, and on February 3, 1993. Plaintiffs appeared at these hearings along with their legal counsel, Schain, Firsel & Burney, Ltd., and presented evidence relevant to the zoning certification of the parcel on which their proposed facility was to be constructed. Although the zoning board of appeals did not exclude the public from these executive sessions, it did not publish or post an agenda for these two hearings. The board of appeals did not notify the zoning administrator or the general public that it would consider the plaintiffs' request for a zoning certificate at the meetings scheduled for January 20, 1993, and February 3, 1993. The record reveals that no party other than the plaintiffs received notice or an opportunity to comment on the proposed facility, or to participate in the proceedings before the zoning board of appeals.

The record does not contain a transcript of either session, but the minutes of those meetings reflect that Alex R. Seith, who was chairman of the zoning board of appeals and "of counsel" to the firm of Schain, Firsel & Burney, Ltd., abstained from the discussion of plaintiffs' request for a zoning certificate and refrained from voting on the matter.

Following these two executive sessions, a letter was sent to the zoning administrator on February 19, 1993. The letter stated that the zoning board of appeals had "reviewed [the zoning administrator's] request for a Zoning Ordinance interpretation" concerning plaintiffs' proposal. This letter, which purports to have been signed by Seith in his official capacity as chairman of the board of appeals, was addressed to the zoning administrator and did not indicate that copies were sent to any other party. The letter stated that upon consideration of the testimony and written materials presented by the plaintiffs, the board determined that the proposed use was a wood-fueled power plant and a permitted use under the I-3 intensive industrial district.

The zoning administrator did not forward this letter to plaintiffs or to their counsel or otherwise inform them of its contents. However, it is clear that the plaintiffs acquired a copy of the letter. The record does not reveal how, when or under what circumstances the plaintiffs obtained it.

Relying upon the board's decision that the proposed facility was a power plant and not an incinerator, plaintiffs began the process of obtaining the necessary Federal, State and local regulatory approvals and permits required for the project.

On October 7, 1993, the board of trustees of Sauk Village requested that the zoning board of appeals reverse the determination reflected in the letter of February 19, 1993, because they believed that the proposed facility should be deemed an incinerator rather than a power plant. The zoning board of appeals responded to this request in a letter signed by Seith and dated December 2, 1993, which stated that the "Board made a decision which is embodied in the letter of February 19, 1993. You requested in fact that we reverse that decision. The Board discussed the matter in an open meeting, reviewed the facts of record and unanimously concluded that the decision of February 19, 1993, is correct."

On January 12, 1995, plaintiffs filed an application for a grading permit to begin grading the property in preparation for constructing their proposed facility. On January 23, 1995, the zoning administrator sent a letter to Seith, which stated, in pertinent part, as follows:

"This letter comes to respectfully request that you and members of the Zoning Board of Appeals reconsider [plaintiffs'] proposed facility and the proposed use and zoning ordinance interpretation you rendered indicating that '[plaintiffs'] proposed use is an enumerated permitted use' in the I-3 zoning district. I have received numerous letters and calls that lead me to believe [plaintiffs have] *consistently* altered their original proposal and given conflicting testimony throughout their permitting process to various regulatory bodies. In fact, I believe that we will shortly be receiving correspondence from the Illinois Environmental Protection Agency indicating their opinion that the [plaintiffs'] facility is a solid waste incinerator.

It would appear Chairman Seith that several issues need to be addressed regarding this facility and that it may be in the best interest of the County to conduct another public hearing that will allow for evidence and testimony, from a variety of sources, to be presented and made part of the public record."

The following day, the Cook County department of building and zoning requested additional information from plaintiffs to facilitate its review of the grading application. Upon receipt of the requested information, plaintiffs' grading permit application was reviewed by the responsible officials within the building department. During the course of this review process, numerous deficiencies were identified. Those deficiencies were cited in a letter to plaintiffs from Donald Wlodarski, commissioner of the Cook County building and zoning department. Wlodarski's letter, dated March 1, 1995, advised plaintiffs that they could cure the deficiencies by submitting new plans or information or by taking certain other actions to correct the problems. In addition, Wlodarski stated that the proposed facility

constituted a "waste-to-energy" incinerator and, as such, was a special use under the I-3 zoning district. Accordingly, a special use certification was required before the department could process plaintiffs' grading application any further.

On March 13, 1995, five days after they had commenced grading the subject property, plaintiffs filed a complaint for a writ of *mandamus* to compel issuance of the grading permit by the Cook County building and zoning department. Plaintiffs also sought a declaration that the letter of February 19, 1993, embodied a final and binding decision by the zoning board of appeals that the proposed facility was an enumerated permitted use in the I-3 zoning district. On March 15, 1995, defendants filed a complaint for injunctive and other relief, seeking to enjoin plaintiffs from grading the property until the trial court had ruled on the request for *mandamus*. These two actions were consolidated by agreement on March 16, 1995.

On March 20, 1995, defendants filed an emergency motion to disqualify the law firm of Schain, Firsel & Burney, Ltd., as counsel for plaintiffs, based upon the fact that Alex R. Seith was "of counsel" to that firm and was also chairman of the zoning board of appeals while plaintiffs' request for a zoning certification was pending. Plaintiffs filed a written response opposing the motion for disqualification and attached as an exhibit the affidavit of Alex R. Seith. In his affidavit, Seith averred that he did not sign the letter of February 19, 1993, and that he did not know of the letter's existence until February 1995, two years later. After a hearing, the trial court denied this motion. Four days later the parties filed cross-motions for summary judgment. Plaintiffs filed an amended motion for summary judgment on March 28, 1995.

On April 5, 1995, the trial court entered its judgment order which granted plaintiffs' motion for summary judgment on their claims for *mandamus* and for declaratory judgment, but dismissed the claim for injunctive relief. The court also issued a writ of *mandamus* ordering Wlodarski to issue the grading permit on or before 11 a.m. on April 7, 1995. Thereafter, defendants filed a notice of appeal and brought a motion for a stay pending appeal. The trial court denied the motion for a stay and ordered plaintiffs to post bond in the amount of $100,000. Plaintiffs posted this bond on April 6, 1995, and defendants' subsequent attempts to obtain a stay in this court and in the supreme court were unsuccessful.

On appeal, defendants argue that the trial court erred in granting summary judgment in favor of plaintiffs on their claims for a writ of *mandamus* and for declaratory relief. Defendants also claim that the trial court erred in denying their motion to disqualify the law firm of Schain, Firsel & Burney, Ltd.

Defendants challenge the grant of summary judgment on two grounds: (1) the zoning board of appeals lacked jurisdiction to issue the zoning certificate requested by plaintiffs, and (2) the letter of February 19, 1993, did not constitute a final and binding administrative decision by the board. We agree on both grounds.

■ The zoning board of appeals and the zoning administrator exist by virtue of the ordinances promulgated by the Cook County Board of Commissioners. As such, they possess no inherent or common law powers and have only the authority and power conferred upon them by the ordinances. (*Lake County Board of Review v. Property Tax Appeal Board* (1988), 119 Ill. 2d 419, 427, 519 N.E.2d 459; *Robinson v. Human Rights Comm'n* (1990), 201 Ill. App. 3d 722, 728, 559 N.E.2d 229.) The duties of the zoning administrator include verification of the zoning classification of specific land parcels upon the request of a party with an interest in the property. (Cook County Zoning Ordinance § 13.22 (1976).) In addition, the zoning administrator must receive, file, and forward to the zoning board of appeals all applications for appeal. (Cook County Zoning Ordinance § 13.22 (1976).) The jurisdiction of the zoning board of appeals is set forth in section 13.32 of the Cook County zoning ordinance, which provides that the zoning board of appeals is vested with the authority to hear and decide appeals from any order, requirement, decision, or determination made by the department of building and zoning under this ordinance. (Cook County Zoning Ordinance § 13.32(1) (1976).) In addition, the board is charged with hearing and deciding all matters referred to it or upon which it is required to pass under this ordinance as prescribed by statute. (Cook County Zoning Ordinance § 13.32(5) (1976).) An appeal may be taken to the zoning board of appeals by any party aggrieved by a decision of the department of building and zoning. Cook County Zoning Ordinance § 13.82 (1976).

■ The route plaintiffs took to arrive at the zoning board of appeals was indeed a curious one. Notwithstanding their assertions to the contrary, plaintiffs' request for a zoning certification was not properly before the board pursuant to an appeal from a decision of the zoning administrator. The record affirmatively established and the trial court specifically found that the zoning administrator did not make any determination as to the zoning classification of the property on which plaintiffs intended to construct their proposed facility. Because plaintiffs had not received any ruling from the zoning administrator, no appeal was necessary or even possible. We, therefore, reject the trial court's finding and plaintiffs' assertion that Burney's letter of December 9, 1992, constituted *both* a request for a zoning certificate *and* a notice of appeal. Because the zoning

administrator had not issued a decision, there was no action from which plaintiffs could have appealed. Thus, plaintiffs were not in the position of aggrieved parties pursuing an appeal. (See *Doyle v. City of Crystal Lake* (1989), 183 Ill. App. 3d 405, 409-10, 539 N.E.2d 796; *Bull v. American National Bank & Trust Co.* (1969), 112 Ill. App. 2d 32, 38, 250 N.E.2d 839.) The record reveals that plaintiffs obtained a referral to the zoning board of appeals, which was one of the results specifically requested in Mr. Burney's letter of December 9, 1992. Accordingly, plaintiffs' request for a zoning certificate was not properly before the board pursuant to its jurisdiction to hear and decide appeals from adverse decisions under the ordinance.

Moreover, we observe that the board did not treat the matter as an appeal. In exercising its jurisdiction to hear and decide appeals, the board is required to select a reasonable time and place for the hearing of the appeal and must give due notice thereof to the interested parties. (See Cook County Zoning Ordinance § 13.84 (1976).) Such hearing must be open to the public (Cook County Zoning Ordinance § 13.33 (1976)), and public notice shall be given by posting a copy of the notice in accordance with the requirements of the Open Meetings Act (5 ILCS 120/2.02 (West 1994)).

It is evident from the record that the board neither scheduled a public hearing on the matter nor provided notice to the interested parties. Rather, the board considered plaintiffs' request for a zoning certificate during executive sessions held as part of the regularly scheduled meetings on January 20, 1993, and February 3, 1993. Although plaintiffs claim that attendance of the public is permitted as a matter of course at executive sessions of the zoning board of appeals, this is something members of the public could not be expected to know. Executive sessions, by definition, are sessions closed to the public. Black's Law Dictionary defines the term as "a session closed to the public, and at which only such selected persons as the board or other body may invite are permitted to be present." (Black's Law Dictionary 570 (6th ed. 1990).) Consequently, the actions of the board establish that the zoning administrator's referral of plaintiffs' request did not constitute an appeal from an adverse ruling.

Plaintiffs also argue that the zoning board of appeals had authority to rule upon their request for a zoning certificate because the matter had been referred to the board by the zoning administrator under section 13.32(5) of the zoning ordinance. Section 13.32(5) provides that the board has jurisdiction to hear and decide all matters referred to it or upon which it is required to pass under this ordinance as prescribed by statute. (Cook County Zoning Ordinance § 13.32(5) (1976).) Plaintiffs' argument is apparently predicated upon

the view that this subsection can be divided into two distinct clauses which should be treated independently. According to this theory, the phrase "under this ordinance" would modify only the second clause, which alludes to matters upon which the board is required to pass, and would not apply to the first clause, alluding to matters which are referred to the board. If we were to accept plaintiffs' view, section 13.32(5) would authorize the zoning board of appeals to hear and decide any and all matters referred to it without any restrictions upon the subject matter or the party making the referral. Upon careful reading of this section in its entirety, we find that plaintiffs' interpretation is overly broad and clearly not consistent with the intent of the zoning ordinance as a whole or of section 13.32 in particular.

Ordinances, like statutes, must be evaluated as a whole, and each provision should be construed in connection with every other section and in light of the ordinance's general purpose. (See *In re a Minor* (1990), 205 Ill. App. 3d 480, 485, 563 N.E.2d 1069.) Under the well-established rules of statutory construction, the words used in a statute must be given their ordinary and popularly understood meaning, and the relevant language must be read within the context of the entire provision of which it forms an integral part. (*Kozak v. Retirement Board* (1983), 95 Ill. 2d 211, 215, 447 N.E.2d 394; *In re Marriage of Drews* (1985), 139 Ill. App. 3d 763, 768, 487 N.E.2d 1005; *Estep v. Illinois Department of Public Aid* (1983), 115 Ill. App. 3d 644, 647, 450 N.E.2d 1281.) The plain meaning of the language used in the ordinance is the safest guide to its construction, and the court has no right to read into the ordinance words that are not found therein either by express inclusion or by fair implication. *Indian Valley Golf Club, Inc. v. Village of Long Grove* (1985), 135 Ill. App. 3d 543, 552, 481 N.E.2d 277.

■ Based upon these principles, we conclude that the phrase "under this ordinance" modifies all of the preceding language and applies to both of the clauses included in section 13.32(5). Thus, we hold that the correct interpretation of the language employed in this section allows the board to decide matters referred to it under the specific provisions of the zoning ordinance as well as matters upon which it is compelled to pass as required by the provisions of the ordinance. The matters that may be referred to the board do not include requests from the zoning administrator for clarification of zoning classifications. Because the zoning administrator's referral to the board of plaintiffs' request for a zoning certificate was not made pursuant to a specific provision of the ordinance, the board did not have jurisdiction to rule upon the matter under section 13.32(5).

Moreover, we hold that the trial court erred in granting declara-

tory judgment in favor of plaintiffs because the letter of February 19, 1993, to the zoning administrator did not constitute a final and binding decision by the board regarding the zoning certification of the subject parcel.

■ A final and binding decision by an administrative agency requires, at the very least, that the agency has taken some definitive action with regard to the application before it and that the applicant has been informed of the action. (See *Isabell v. Department of Public Aid* (1974), 18 Ill. App. 3d 868, 872, 310 N.E.2d 742.) In addition, the applicant must be adequately informed of the right to appeal the agency's decision and of the time period for doing so. *Keller v. Retirement Board of the Firemen's Annuity & Benefit Fund* (1993), 245 Ill. App. 3d 48, 53, 614 N.E.2d 323; *Johnson v. State Employees Retirement System* (1987), 155 Ill. App. 3d 616, 619, 508 N.E.2d 351.

■ The letter of February 19, 1993, satisfied none of the above requirements. The letter was addressed solely to the zoning administrator. Thus, it amounted to nothing more than an internal communication expressing an advisory opinion by the board regarding plaintiffs' request for a zoning certificate. The letter did not operate to inform plaintiffs that the zoning board of appeals had reached a decision regarding their request for a zoning certificate, and it failed to give notice, constructive or otherwise, to any potentially aggrieved parties. We reject plaintiffs' assertion that this internal action between the zoning board of appeals and the zoning administrator, unknown to any potentially interested parties, can be characterized as a final decision which would trigger appeal rights. (See *Doyle*, 183 Ill. App. 3d at 409-10.) As a result, this correspondence between the zoning board of appeals and the zoning administrator cannot be construed as a final and binding administrative decision. The trial court's decision to the contrary was erroneous.

In addition, we note that the record indicates that the February 19, 1993, letter had been signed by someone other than its purported author. Plaintiffs' written response to the motion for disqualification included the affidavit of Alex R. Seith, in which he attested that he did not sign the letter of February 19, 1993, and that he did not know of the letter's existence until February 1995, two years later. No evidence to the contrary was ever presented. Consequently, the undisputed evidence established that the letter of February 19, 1993, was a forgery. We hold that the counterfeit letter was a nullity, and the trial court erred in finding that it constituted a binding decision by the zoning board of appeals.

We reject the argument that defendants are estopped from denying zoning approval for plaintiffs' proposed facility based upon the plaintiffs' reliance upon the letter of February 19, 1993.

■ In order to claim estoppel, a party must demonstrate that it reasonably relied to its detriment upon the conduct of another. (See *Farmers & Merchants Bank v. Davis* (1987), 151 Ill. App. 3d 929, 937, 503 N.E.2d 565.) In the instant case, plaintiffs claimed to have relied upon the letter, which was not addressed or sent to them and which did not officially inform them of the agency decision or of their right to appeal. In addition, the letter purported to be signed by Alex Seith, who plaintiffs knew, or reasonably should have known, could not have participated in the agency determination on their zoning request because he was associated with the law firm representing them in this matter. We hold any reliance on the letter of February 19, 1993, in light of these circumstances, to be unreasonable. Accordingly, the grant of declaratory judgment in favor of plaintiffs must be reversed.

■ We hold further that the trial court erred in granting the writ of *mandamus* in favor of plaintiffs where the record reveals that plaintiffs' application for the grading permit suffered from numerous deficiencies not related to the zoning certification.

The writ of *mandamus* is a summary writ which commands the officer to whom it is addressed to perform some duty to which the petitioner is entitled of right to have performed and which the party owing the duty has failed to perform. (*People ex rel. Council 19 v. Egan* (1977), 52 Ill. App. 3d 1042, 1044, 368 N.E.2d 481.) Since a writ of *mandamus* is considered an extraordinary remedy rather than a remedy of right, the party seeking the writ must show a clear legal right to the relief requested. (*Kramer v. City of Chicago* (1978), 58 Ill. App. 3d 592, 598, 374 N.E.2d 932.) The petitioner in a *mandamus* action has the burden of establishing every material fact necessary to show the plain duty of the respondent before a court will grant the relief requested. (*People ex rel. Council 19*, 52 Ill. App. 3d at 1045.) Plaintiffs have not met their burden in the case at bar where they have failed to cure the deficiencies cited by Donald Wlodarski, commissioner of the Cook County building and zoning department.

Finally, we consider defendants' claim that the trial court erred in refusing to disqualify the firm of Schain, Firsel & Burney, Ltd. Defendants' motion was predicated upon the fact that Alex R. Seith was the chairman of the zoning board of appeals and was "of counsel" to the firm of Schain, Firsel & Burney, Ltd., counsel for plaintiffs, while plaintiffs' request for a zoning certificate was pending before the board.

Defendants argue that under Rules 1.11 and 1.12 of the Illinois Rules of Professional Conduct (134 Ill. 2d Rules 1.11, 1.12), Alex R. Seith would be disqualified from representing plaintiffs in this mat-

ter and, therefore, that disqualification is imputed to any firm with which Mr. Seith is associated.

Rule 1.11 provides that except as otherwise expressly permitted by law, a lawyer shall not represent a private client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency consents after disclosure. No lawyer in a firm with which that lawyer is associated and who knows or reasonably should know of the lawyer's prior participation may undertake or continue representation in such a matter unless (1) the disqualified lawyer is screened from any participation in the matter and is apportioned no specific share of the fee therefrom; and (2) written notice is promptly given to the appropriate government agency to enable it to ascertain compliance with the provisions of Rule 1.11. Rule 1.12 imposes similar prohibitions upon a lawyer who participated personally and substantially as a judge or other adjudicative officer, arbitrator, or law clerk to such a person, unless all parties to the proceeding consent after disclosure. See 134 Ill. 2d Rules 1.11(a), 1.12(a).

Plaintiffs argue that the trial court acted correctly in denying the motion for disqualification because the record established that Seith had not personally and substantially participated as a member of the zoning board of appeals considering the plaintiffs' request for a zoning certificate. We agree.

■ The record indicates that Seith abstained from discussion of plaintiffs' request for a zoning certificate and refrained from voting on matters related to it. There is nothing indicating that Seith participated in any way in the plaintiffs' application. We therefore find the trial court did not err in refusing to disqualify the Schain, Firsel & Burney firm.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed in part and reversed in part.

Affirmed in part and reversed in part.

EGAN and RAKOWSKI, JJ., concur.