Second Division

September 30, 1997

No. 1-97-0148

SAMUEL J. CAHNMAN, Indiv. )  Appeal from the

and on Behalf of All Others )  Circuit Court of

Similarly Situated, )  Cook County.

)

Plaintiff-Appellant, )  

)

v. )  

)

AGENCY RENT-A-CAR SYSTEM, INC., )  Honorable

)  Stephen A. Schiller,

Defendant-Appellee. )  Judge Presiding.

JUSTICE RAKOWSKI delivered the opinion of the court:

Plaintiff, Samuel J. Cahnman, filed suit against defendant, Agency Rent-A-Car, on behalf of himself and all others similarly situated under the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/2 (West 1996)), alleging defendant unlawfully charged an "additional driver fee" when plaintiff rented an automobile from defendant and sought to permit another individual to drive the car.  Plaintiff alleged that charging the fee was prohibited by the Illinois Vehicle Code (625 ILCS 5/6-305 (West 1996)), and, thus, defendant committed fraudulent and deceptive acts in charging it, thereby causing damage to plaintiff.  The trial court granted defendant's section 2-615 motion to dismiss under the Code of Civil Procedure (735 ILCS 5/2-615 (West 1996)), and plaintiff appeals this denial.  For the following reasons, we affirm.

FACTS

On March 16, 1996, plaintiff rented a car from defendant for use in his political campaign.  Plaintiff wanted one of his volunteers, Wilma Miller, to drive the car.  Defendant's rental contract required each additional driver to be listed on the contract.  In addition, it charged a $5 fee per day for each additional driver.  Plaintiff listed Miller on the contract and, upon returning the vehicle, paid the additional driver fee.

Plaintiff filed suit contending that defendant was prohibited from charging the additional driver fee since under section 6-305, his employee, Miller, was already authorized to drive the car and, therefore, could not be charged a fee for being given the privilege to drive it.  In other words, plaintiff argues that he is being charged for something to which he already had a right.

The trial court dismissed plaintiff's complaint, finding that it failed to state a cause of action upon which relief could be granted.

ANALYSIS

Plaintiff contends that section 6-305 gives those drivers therein specified the right to drive a rental car and, therefore, defendant cannot charge a fee for that right since it already exists.  He argues that this section was enacted to eradicate the long history of deceptive charges in the rental car industry, which includes the additional driver fee and, thus, defendant's act is proscribed.

The statute relied upon by plaintiff states:

"(d) No person who rents a private passenger motor vehicle to another shall, in rental agreements of 30 continuous days or less, hold any authorized driver liable for any damage or loss to the rented vehicle exceeding $200 including loss of use and any costs and expenses incident to the damage, loss or loss of use ***.

(e)  For the purposes of section (d) of this Section, 'authorized driver' shall mean the person to whom the vehicle is rented; the renter's spouse if a licensed driver who satisfies the rental company's minimum age requirement; the renter's employer or co-worker if they are engaged in business activity with the person to whom the vehicle is rented, are licensed drivers, and satisfy the rental company's minimum age requirement; any person who operates the vehicle during an emergency situation or while parking the vehicle at a commercial establishment; and any person expressly listed by the rental company of the rental agreement as an authorized driver."  625 ILCS 5/6-305(d), (e) (West 1996).

In statutory construction:

"[W]e must focus on the language of the statute itself.  [Citation.]  Legislative intent is the controlling inquiry in construing a statute, and the statutory language is the best indication of that intent.  [Citation.]  Statutory provisions must be read as a whole, and no word or paragraph should be interpreted so as to be rendered meaningless."  
Boaden v. Department of Law Enforcement
, 267 Ill. App. 3d 645, 651 (1994), 
aff'd
, 171 Ill. 2d 230 (1996).

We also cannot read words into a statute that are not there.  
Illinois Wood Energy Partners, L.P. v. County of Cook
, 281 Ill. App. 3d 841, 850 (1995).  Where the language of the statute is clear, the court must give it effect without resorting to other aids for construction.  
Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.
, 158 Ill. 2d 76, 81 (1994).  

We find the language of section 6-305 unambiguous.  Paragraph (d) addresses the liability for damages to the rental vehicle only.  It caps that liability at a certain amount.  Paragraph (e) defines to whom the liability cap in paragraph (d) applies.  It does nothing more.  Paragraph (e) applies only to the liability cap as is clear by its prefatory language, "[f]or the purposes of section (d)."  625 ILCS 5/6-305(e)(West 1996).  It does not state that the specified individuals have a right to drive a rental car, nor does it state that they have this right and cannot be charged for it.  Again, it simply defines those individuals to whom the liability cap applies.  Were we to interpret the provision as plaintiff requests, we would be reading language into the statute that is not present.  We are not permitted to do so.

Moreover, plaintiff's interpretation, that individuals listed in paragraph (e) have a right to drive a rental car without being charged a fee, would lead to the illogical result that a rental car company would be unable to charge the renter a rental fee since, under the language of the statute, he or she already is authorized to drive the car.  This is clearly not the intent of the legislature.

Finally, not only does the unambiguous language of sections 6-305(d) and (e) deal only with a cap on liability, but the only case to interpret these provisions, 
Alamo Rent A Car, Inc. v. Ryan
, 268 Ill. App. 3d 268 (1994), confirms that the focus of the paragraphs is on the liability cap.  In 
Alamo Rent A Car, Inc.
, the court was called upon to determine the constitutionality of the paragraphs and whether they allow charging a fee for collision damage waivers.  According to the court, the purpose of paragraph (d) "was to prevent rental companies from over charging customers for repairs to cars they [had] negligently damaged."  
Alamo Rent A Car, Inc.
, 268 Ill. App. 3d at 273.  Although the court did discuss the abuses in the rental car industry of charging additional fees, the focus of the case and of paragraph (d) was on capping liability for damage.  

Accordingly, we conclude that the clear and unambiguous language of the statute does not prohibit defendant from charging a fee for additional drivers.  At the time the legislature promulgated this provision, it was certainly aware of the abuses in the car rental industry and presumably aware that certain companies charged fees for additional drivers.  Nonetheless, it did not prohibit such fees as have other states (see, e.g.
, Cal. Civil Code §1936 (West Supp. 1997) ("A rental company shall not charge any fee for authorized drivers in addition to the rental charge for an individual renter")), it did not set a cap on the fee amount (N.Y. Gen. Bus. §396-z (Consol. 1996)(fee for additional drivers cannot exceed $2.50 per person for first day, $1 per person for each day thereafter and in no event exceed $5 per person)), nor did it even mention such fees in the statute (Iowa Code §516D.7 (1988) (rental companies must disclose, in response to direct consumer inquiry on rate of vehicle, cost of additional driver fee); Mo. Rev. Stat. §407.732 (1990) (must disclose in printed advertisement stating price for rental existence of additional driver fee)).  

For the foregoing reasons, we conclude that section 6-305 does not proscribe defendant's conduct.  Even assuming 
arguendo
 that we were now to hold that section 6-305 does prohibit defendant's conduct, our result would not change because until now the question was at best unsettled.  See 
Lee v. Nationwide Cassel, L.P.
, 174 Ill. 2d 540 (1996); 
Stern v. Northwest Mortgage, Inc.
, 284 Ill. App. 3d 506 (1996); 
Weatherman v. Gary-Wheaton Bank of Fox Valley, N.A.
, 286 Ill. App. 3d 48 (1997).  

In 
Lee
, defendant bank attempted to hold plaintiffs (co-signors on auto loans) liable under the Motor Vehicle Retail Installment Sales Act (Sales Act) (815 ILCS 375/1 
et
 
seq
 (West 1992)) even though they had never received possession of the vehicles.  Plaintiffs filed suit alleging that defendant violated the Consumer Fraud Act by attempting to hold them liable since their liability was precluded by the Sales Act.  The court determined that there were insufficient facts alleged in plaintiffs' complaint to state a cause of action under the Consumer Fraud Act.  According to the court, the fact that defendant allegedly misrepresented to plaintiffs that they were primarily liable, "based upon an erroneous interpretation of section 18 of the Motor Vehicle Retail Installment Sales Act," was insufficient to state a cause of action.  
Lee
, 174 Ill. 2d at 550.  The court concluded that "[g]iven th[e] uncertainty about the applicable law [based on appellate court interpretation in one case], the pleadings here fail to adequately allege that defendant employed deception, fraud, or misrepresentation, *** since plaintiffs' immunity from liability was an unsettled question of law."  
Lee
, 174 Ill. 2d at 550-51.

In 
Stern
, plaintiffs filed suit stating that defendant's "escrow waiver fee" violated the Consumer Fraud Act because such a fee was precluded by the Illinois Mortgage Escrow Account Act (Escrow Act) (765 ILCS 910/1 
et
 
seq
. (West 1992).  In this case, plaintiffs sought a mortgage from defendant.  Instead of establishing an escrow account for taxes and insurance, plaintiffs pledged a certificate of deposit as permitted by the Escrow Act.  Defendant charged plaintiffs a fee for doing so.  Although the court determined that defendant was not permitted to charge the fee under the Escrow Act, it found that plaintiffs had failed to state a cause of action under the Consumer Fraud Act because any mistake in charging the fee was based on error on the part of defendant in interpreting the statute, not fraud or deception.  The court stated that this was a case where the parties disagreed about the effect of an unconstrued statute.  In conclusion, the court stated that although plaintiffs need not demonstrate intent on the part of defendant, "there must be a claim seated in deceptive acts rather than a reasonable difference of opinion as to the meaning of an act of the Illinois General Assembly."  
Stern
, 284 Ill. App. 3d at 513.  The court did note that if defendant attempted to charge the same fee the day after the court's decision, there would be a different result in its holding concerning the violation of the Consumer Fraud Act.

In 
Weatherman
, plaintiffs sought a mortgage from defendant.  Before closing but after they had paid their lock-in fee, plaintiffs requested that defendant suspend their escrow account.  Defendant did so but advised them it would charge a fee for doing so.  Plaintiffs filed suit, contending this fee violated the Consumer Fraud Act because the Mortgage Escrow Account Act did not allow charging of such a fee.  Looking to 
Stern
, the court found that defendant had not violated the Consumer Fraud Act.  "As in 
Stern
, the parties in this case have a legitimate disagreement as to whether the Escrow Act permits an escrow suspension fee.  Assuming [defendant] was incorrect in its interpretation of the Escrow Act, as the lender was in 
Stern
, this would not prove a violation of the Consumer Fraud Act."  
Weatherman
, 286 Ill. App. 3d at 64.  The court further found that the Escrow Act did not prohibit such a fee.  The statute only states that an individual may pledge a certificate of deposit in lieu of setting up an escrow account.  "The statute does not address the situation in which a lender waives the escrow requirement.  The Escrow Act does not, therefore, prevent a lender from charging a fee for waiving its right to require an escrow."  
Weatherman
, 286 Ill. App. 3d at 64.

The instant case is similar to the above cases.  The language of section 6-305 does not explicitly prohibit defendant's conduct.  At best, it was arguably ambiguous and the only case to interpret it, 
Alamo Rent A Car, Inc.
, did not address the issue raised by plaintiff.  
As in 
Lee
, the question of whether defendant was prohibited by section 6-305 from charging an additional driver fee was unsettled, and as in 
Stern
, the statute was unconstrued.  The situation here, as in the above cases, is simply one where the parties hold reasonable differences of opinion on the interpretation of a statute and legitimately disagree as to what section 6-305 permits.  It is not a case where the statute has been construed to prohibit such fees and defendant nonetheless continued to charge them, or the case where the statute expressly prohibits the fees.  Accordingly, we conclude that the trial court properly dismissed plaintiff's complaint.

CONCLUSION

For the foregoing reasons, we affirm the decision of the circuit court of Cook County.

Affirmed.

McNULTY, P.J., and FROSSARD, J., concur.