SAMUEL J. CAHNMAN, Indiv. and on Behalf of All Others Similarly Situated, Plaintiff-Appellant, v. AGENCY RENT-A-CAR SYSTEM, INC., Defendant-Appellee.

First District (2nd Division)   No. 1—97—0148

Opinion filed September 8, 1998.

Krislov & Associates, Ltd., of Chicago (Clinton A. Krislov and Lisa M. Gotkin, of counsel), for appellant.

Neal, Gerber & Eisenberg, of Chicago (Michael D. Sher and John W. Guarisco, of counsel), for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

Plaintiff, Samuel J. Cahnman, filed suit against defendant, Agency

Rent-A-Car, on behalf of himself and all others similarly situated under the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/2 (West 1996)), alleging defendant unlawfully charged an "additional driver fee" when plaintiff rented an automobile from defendant and sought to permit another individual to drive the car. Plaintiff alleged that charging the fee was prohibited by the Illinois Vehicle Code (625 ILCS 5/6—305 (West 1996)), and, thus, defendant committed fraudulent and deceptive acts in charging it, thereby causing damage to plaintiff. The trial court granted defendant's section 2—615 motion to dismiss under the Code of Civil Procedure (735 ILCS 5/2—615 (West 1996)), and plaintiff appeals this dismissal. For the following reasons, we affirm.

## BACKGROUND

On March 16, 1996, plaintiff rented a car from defendant for use in his political campaign. Plaintiff wanted one of his volunteers, Wilma Miller, to drive the car. Defendant's rental contract required each additional driver to be listed on the contract. In addition, it charged a $5 fee per day for each additional driver. Plaintiff listed Miller on the contract and, upon returning the vehicle, paid the additional driver fee.

Plaintiff filed suit, contending that defendant was prohibited from charging the additional driver fee since, under section 6—305, coworker, Miller, was already authorized to drive the car and, therefore, could not be charged a fee for being given the privilege to drive it. In other words, plaintiff argues that he is being charged for something to which he already had a right.

The trial court dismissed plaintiff's complaint, finding that it failed to state a cause of action upon which relief could be granted.

## ANALYSIS

Plaintiff contends that section 6—305 gives those drivers therein specified the authority to drive a rental car and, therefore, defendant cannot charge a fee for that right since it already exists. He argues that this section was enacted to eradicate the long history of deceptive charges in the rental car industry, which includes the additional driver fee and, thus, defendant's act is proscribed.

The statute relied upon by plaintiff states:

"(d) No person who rents a private passenger motor vehicle to another shall, in rental agreements of 30 continuous days or less, hold any authorized driver liable for any damage or loss to the rented vehicle exceeding $200 including loss of use and any costs and expenses incident to the damage, loss or loss of use ***.

(e) For the purposes of section (d) of this Section, 'authorized

driver' shall mean the person to whom the vehicle is rented; the renter's spouse if a licensed driver who satisfies the rental company's minimum age requirement; the renter's employer or co-worker if they are engaged in business activity with the person to whom the vehicle is rented, are licensed drivers, and satisfy the rental company's minimum age requirement; any person who operates the vehicle during an emergency situation or while parking the vehicle at a commercial establishment; and any person expressly listed by the rental company of the rental agreement as an authorized driver." 625 ILCS 5/6—305(d), (e) (West 1996).[1]

■ In statutory construction:

"[W]e must focus on the language of the statute itself. [Citation.] Legislative intent is the controlling inquiry in construing a statute, and the statutory language is the best indication of that intent. [Citation.] Statutory provisions must be read as a whole, and no word or paragraph should be interpreted so as to be rendered meaningless." *Boaden v. Department of Law Enforcement*, 267 Ill. App. 3d 645, 651 (1994), *aff'd*, 171 Ill. 2d 230 (1996).

We also cannot read words into a statute that are not there. *Illinois Wood Energy Partners, L.P. v. County of Cook*, 281 Ill. App. 3d 841, 850 (1995). Where the language of the statute is clear, the court must give it effect without resorting to other aids for construction. *Solich v.*

---

[1]Section 6—305 has been amended. Paragraphs (d) and (e) have been completely eliminated. A new section, section 6—305.2, entitled "limited liability for damage" has been added, presumably in place of paragraph (d). The new section basically deletes the liability cap. Now, the renter is liable for actual damages to the vehicle or the fair market value of the vehicle, whichever is less. Authorized drivers do have a cap on their liability but it is significantly increased. The current cap is $7,500 and it increases each June.

Additionally, the legislature has promulgated a new act that also relates to rental liability. It is entitled the Renter's Financial Responsibility and Protection Act. 625 ILCS 27/1 *et seq.* (West Supp. 1997). Initially, the legislature sets forth its findings regarding the $200 cap provision it deleted, in particular, the consequences of that cap and why it was necessary to change that provision. 625 ILCS 27/5 (West Supp. 1997). The legislature included in this new act the definition of "authorized driver." It should be noted that the legislature has added "employee" as an authorized driver but has deleted any reference to those who drive a car for commercial establishments, *e.g.*, valet drivers. 625 ILCS 27/10 (West Supp. 1997). This act addresses damage waivers and prohibited practices relative thereto (625 ILCS 27/15 (West Supp. 1997)), disclosure notices and advertising requirements (625 ILCS 27/20 (West Supp. 1997)), and mandatory charges (625 ILCS 27/25 (West Supp. 1997)).

*George & Anna Portes Cancer Prevention Center of Chicago, Inc.*, 158
Ill. 2d 76, 81 (1994).

∎ We find the language of section 6—305 unambiguous. Paragraph
(d) addresses liability for damages to a rental vehicle only. It caps that
liability at a certain amount. It does nothing more. Paragraph (e)
defines to whom the liability cap in paragraph (d) applies. It too does
nothing more. Although plaintiff argues that the definition of "autho-
rized drivers" is for all purposes, this argument is without merit. The
statute clearly intended just the opposite. Paragraph (e) applies only
to the liability cap as is clear by its prefatory language, *"[f]or the
purposes of subsection (d) of this Section."* (Emphasis added.) 625
ILCS 5/6—305(e) (West 1996). It does not state that the specified
individuals have a right to drive a rental car, nor does it state that
they have this right and cannot be charged for it. Again, it simply
defines those individuals to whom the liability cap applies. It does not
state that the definition is for purposes of the entire Vehicle Code nor
does it state that the definition is for purposes of driving. Moreover,
"authorized driver" is mentioned no where else in the Vehicle Code.
Were we to interpret the provision as plaintiff requests, we would be
reading language into the statute that is not present. We are not
permitted to do so.

Although the amendment provisions and new act do not apply to
the instant case, the fact that the statute has been amended further
supports our conclusion. The legislature deleted both paragraphs (d)
and (e). It simply could have deleted paragraph (d) and the first
sentence of paragraph (e) had it been its intent to apply the definition
of "authorized driver" to other situations. It did not do this. More-
over, when it redefined authorized driver, it did so again in the context
of liability.

Finally, not only does the unambiguous language of sections
6—305(d) and (e) deal only with a cap on liability, but the only case to
interpret these provisions, *Alamo Rent A Car, Inc. v. Ryan*, 268 Ill.
App. 3d 268 (1994), confirms that the focus of the paragraphs is on
the liability cap. In *Alamo Rent A Car, Inc.*, the court was called upon
to determine the constitutionality of the paragraphs and whether they
allowed charging a fee for collision damage waivers. According to the
court, the purpose of paragraph (d) "was to prevent rental companies
from overcharging customers for repairs to cars they [had] negligently
damaged." *Alamo Rent A Car, Inc.*, 268 Ill. App. 3d at 273. Although
the court did discuss the abuses in the rental car industry of charging
additional fees, the focus of the case and of paragraph (d) was on cap-
ping liability for damage.

Although plaintiff argues that it is an absurd interpretation that

one need list a valet driver or an emergency driver on the rental agreement, these are not the factual situations before this court. Moreover, as to valet drivers, when the legislature amended the act, it deleted any reference to valet/commercial drivers. Therefore, any alleged problem concerning that category of driver no longer exists. With regard to an emergency driver, when this court has that factual scenario before it, it will address that issue. We decline to do so at this time.

Accordingly, we conclude that the clear and unambiguous language of the statute does not prohibit defendant from charging a fee for additional drivers. At the time the legislature promulgated this provision, it certainly was aware of the abuses in the car rental industry and presumably aware that certain companies charged fees for additional drivers. Nonetheless, it did not prohibit such fees as have other states (see, *e.g.*, Cal. Civ. Code § 1936(m)(3) (West Supp. 1997) ("A rental company shall not charge any fee for authorized drivers in addition to the rental charge for an individual renter")), it did not set a cap on the fee amount (N.Y. Gen. Bus. § 396—z(d) (Consol. 1996) (fee for additional drivers cannot exceed $2.50 per person for first day, $1 per person for each day thereafter and in no event exceed $5 per person)), nor did it even mention such fees in the statute (Iowa Code § 516D.7 (1988) (rental companies must disclose, in response to direct consumer inquiry on rate of vehicle, cost of additional driver fee); Mo. Rev. Stat. § 407.732(10)(5) (1990) (must disclose in printed advertisement stating price for rental existence of additional driver fee)).

For the foregoing reasons, we conclude that section 6—305 does not proscribe defendant's conduct. Even assuming *arguendo* that we were now to hold that section 6—305 does prohibit defendant's conduct, we would nevertheless conclude that there is no violation of the Consumer Fraud Act because until now the question was at best unsettled. See *Lee v. Nationwide Cassel, L.P.*, 174 Ill. 2d 540 (1996); *Stern v. Norwest Mortgage, Inc.*, 284 Ill. App. 3d 506 (1996), *aff'd*, 179 Ill. 2d 160 (1997); *Weatherman v. Gary-Wheaton Bank of Fox Valley, N.A.*, 286 Ill. App. 3d 48 (1997).

In *Lee*, defendant bank attempted to hold plaintiffs (co-signors on auto loans) liable under the Motor Vehicle Retail Installment Sales Act (Sales Act) (815 ILCS 375/1 *et seq.* (West 1992)) even though they never had received possession of the vehicles. Plaintiffs filed suit alleging that defendant violated the Consumer Fraud Act by attempting to hold them liable since their liability was precluded by the Sales Act. The court determined that there were insufficient facts alleged in plaintiffs' complaint to state a cause of action under the Consumer Fraud Act. According to the court, the fact that defendant allegedly

misrepresented to plaintiffs that they were primarily liable, "based upon an erroneous interpretation of section 18 of the Motor Vehicle Retail Installment Sales Act," was insufficient to state a cause of action. *Lee*, 174 Ill. 2d at 550. The court concluded that "[g]iven [the] uncertainty about the applicable law [based on appellate court interpretation in one case], the pleadings here fail to adequately allege that defendant employed deception, fraud, or misrepresentation, *** since plaintiffs' immunity from liability was an unsettled question of law." *Lee*, 174 Ill. 2d at 550-51.

In *Stern*, plaintiffs filed suit stating that defendant's "escrow waiver fee" violated the Consumer Fraud Act because such a fee was precluded by the Illinois Mortgage Escrow Account Act (Escrow Act) (765 ILCS 910/1 *et seq.* (West 1992)). In this case, plaintiffs sought a mortgage from defendant. Instead of establishing an escrow account for taxes and insurance, plaintiffs pledged a certificate of deposit as permitted by the Escrow Act. Defendant charged plaintiffs a fee for doing so. Although the court determined that defendant was not permitted to charge the fee under the Escrow Act, it found that plaintiffs had failed to state a cause of action under the Consumer Fraud Act because any mistake in charging the fee was based on an error on the part of defendant in interpreting the statute, not fraud or deception. The court stated that this was a case where the parties disagreed about the effect of an unconstrued statute. In conclusion, the court stated that although plaintiffs need not demonstrate intent on the part of defendant, "there must be a claim seated in deceptive acts rather than a reasonable difference of opinion as to the meaning of an act of the Illinois General Assembly." *Stern*, 284 Ill. App. 3d at 513. The court did note that if defendant attempted to charge the same fee the day after the court's decision, there would be a different result in its holding concerning the violation of the Consumer Fraud Act.

The supreme court affirmed. It too found that, although the fee was prohibited, there was no violation of the Consumer Fraud Act:

"[W]e find that defendant's action of charging plaintiffs an escrow waiver fee when plaintiffs elected to pledge an interest-bearing time deposit was not intended to deceive or defraud plaintiffs or be unfair to plaintiffs. Further, defendant did not conceal, suppress, or omit any material fact with the intent that plaintiffs would rely on such action. Defendant, in this case, merely made an honest mistake concerning the interpretation of a statute that had yet to be construed. *** [W]e do not believe that the defendant's action in this case violated the Fraud Act." *Stern*, 179 Ill. 2d at 169.

In *Weatherman*, plaintiffs sought a mortgage from defendant.

Before closing but after they had paid their lock-in fee, plaintiffs requested that defendant suspend their escrow account. Defendant did so but advised them it would charge a fee for doing so. Plaintiffs filed suit, contending this fee violated the Consumer Fraud Act because the Escrow Act did not allow charging such a fee. Looking to *Stern*, the court found that defendant had not violated the Consumer Fraud Act. "As in *Stern*, the parties in this case have a legitimate disagreement as to whether the Escrow Act permits an escrow suspension fee. Assuming [defendant] was incorrect in its interpretation of the Escrow Act, as the lender was in *Stern*, this would not prove a violation of the Consumer Fraud Act." *Weatherman*, 286 Ill. App. 3d at 64. The court further found that the Escrow Act did not prohibit such a fee. The statute only states that an individual may pledge a certificate of deposit in lieu of setting up an escrow account. "The statute does not address the situation in which a lender waives the escrow requirement. The Escrow Act does not, therefore, prevent a lender from charging a fee for waiving its right to require an escrow." *Weatherman*, 286 Ill. App. 3d at 64.

The instant case is similar to the above cases. The language of section 6—305 does not explicitly prohibit defendant's conduct. At best, it was arguably ambiguous and the only case to interpret it, *Alamo Rent A Car, Inc.*, did not address the issue raised by plaintiff. As in *Lee*, the question of whether defendant was prohibited by section 6—305 from charging an additional driver fee was unsettled, and as in *Stern*, the statute was unconstrued. The situation here, as in the above cases, is one where the parties hold reasonable differences of opinion on the interpretation of a statute and legitimately disagree as to what section 6—305 permits. It is not a case where the statute has been construed to prohibit such fees and defendant nonetheless continued to charge them, or a case where the statute expressly prohibits the fees. Accordingly, we conclude that the trial court properly dismissed plaintiff's complaint.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the circuit court of Cook County.

Affirmed.

McNULTY and O'MARA FROSSARD, JJ., concur.